*EIC*

# FILED

MAR 14 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

MICHELLE PARKINSON

Plaintiff

v.

PNC BANK, NATIONAL ASSOCIATION
William S. Demchak, Sarah T. Greggerson
Christina Cottrell, Amy Toller,
Anselmo Lindberg LLC & Associates, LLC
F/K/A Anselmo Lindberg Oliver, LLC
Steven C. Lindberg, Doug Oliver, Thomas Anselmo
Michael Anselmo, Bryan D. Hughes
Michael C. Crowe, Christopher S. Iaria,
Sean Jordan, Masum Patel, Susan Ward,
Tracy M. Bristow,  Attorneys' Title Guaranty Fund, Inc,
Peter Birnbaum,  ATG LegalServe, Inc
Kelly Ann Kienzle, Scott Pryor, Kathleen Dinunno,
Nancy Porter, Monique  M. Reyes,
Catherine A. Schneider, individually and in her official
capacity as Justice of the Cook County Circuit Court
Dorothy Brown, individually and in her official
Capacity of the Circuit Court of Cook County, Illinois
Cook County Circuit Court
Its official capacity
DOES1-1000 individually and in their official
Capacities

Defendants

**1:18-cv-01869**
**Judge Edmond E. Chang**
**Magistrate Judge Jeffrey Cole**

)
)
)
)
)
)
)
)
)
)    **JURY DEMAND**
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## VERIFIED COMPLAINT

1. This is an action for Collateral Attack, money damages, declaratory, and injunctive relief brought

   pursuant to 42 U.S.C. §§ 1983, §1985, §1986 §1987 and §1988, the First, Third, Fourth, Fifth, Ninth,

   Tenth and Fourteenth Amendments to the United States Constitution to redress the deprivations,

   under the color of state, of rights secured by the Constitution of the United States.

The Court has supplemental jurisdiction under the law of the State of Illinois, against the named Defendants and officers of the Court, in their individual and official capacities, and against the Cook County Circuit Court

2. Defendants have uniformly engaged in a scheme of illegal and deceptive business practices that violate federal and state law in attempting to collect an alleged mortgage foreclosure debt from Plaintiff using false information and documentation, and without proper documentation sufficient to establish and substantiate personal and subject matter jurisdiction.

3. Several documents from ATGLegalServe ("ATGLS") contained a file stamp from the Cook County Circuit Court Chancery Division for a chronically unfeasible date of Sep-9-2019. These documents were accepted by the Cook County Clerk of the Circuit Court.

4. This scheme is carried out by Defendants by means of centrally controlled sets of policies and practices, and the like, and is conspiratorially implemented by and among other entities and persons (co-conspirators) with documents that shows actual fraud.

5. Defendants have engaged in a conspiracy, common enterprise, and common course of conduct, the purpose of which is and was to engage in the violations of law alleged in this Complaint. This conspiracy, common enterprise, and common course of conduct continue to the present.

6. On information and belief a voidable order is an order that must be declared void by a judge to be void; a void order is an order issued without jurisdiction by a judge and is void ab initio and does not have to be declared void by a judge to be void.

7. The filing and service of pleadings or other papers are required to be done by law were not done as shown on its face.

8. The violation the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. S.1962 ("RICO")

9. Plaintiff does not seek any monetary damages from Defendant Judge Catherine A. Schneider.

### Jurisdiction

10. Collateral attack based on: Want of Jurisdiction, Actual Fraud and Fraud upon the Court.

11. Plaintiffs' causes of action arising under 42 U.S.C. § 1981, 1982, 1983 §1985, §1986 §1987 and §1988, and due to the deprivation of rights, privileges, and immunities secured to Plaintiffs under the First, Third, Fourth, Ninth, tenth and Fourteenth Amendments to the United States Constitution.

12. Federal Rules of Civil Procedure 60(b) and 60(d) as well as independent actions in equity may all be used to seek to vacate orders and judgments due to fraud upon the court.

13. The court has jurisdiction over, 18 U.S.C.A. §§1961-68 ("RICO") and 18 USC §. 1343

14. Federal question jurisdiction arises pursuant to 28 U.S.C §1331, as many of Plaintiff's claims arise under the Fair Debt Collection Practices Act, 15 U.S.C §§ 1692 *et seq.*

15. 28 USC § 1337: Actions arising under a federal law that concerns commerce.

16. The court has jurisdiction under 28 U.S.C. Section 1343 (a)(3).

17. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202

18. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

19. This Court has supplemental jurisdiction pursuant to 28 U.S.C §1367 over Plaintiff's state law claims.

## Venue

20. The Northern District of Illinois is an appropriate venue under 28 U.S.C. section 28 U.S.C. § 1391 because it is where the events giving rise to this claim occurred. Venue is also proper in this district since Defendants can be found, have agents or transact business in this district.

## Parties

21. Plaintiff, Michelle Parkinson is an Illinois citizen who resides in this district.

22. Plaintiff is a consumer as defined under 15 U.S.C. § 1692a(3) of the FDCPA. The alleged obligation Defendant(s) tried to collect from Plaintiff is a "debt" under §1692a(5) of the FDCPA because the alleged obligation stems from a home mortgage loan.

23. Defendant PNC Bank National Association, ("PNC"), is a national bank with its principal offices located in Pittsburg, Pennsylvania and currently doing business in Cook County and the state of Illinois.

24. At all times pertinent hereto, Defendant William S. Demchak ("Demchak") was president and Chief Executive Officer of PNC. Defendant Demchak directed, authorized, and ratified the conduct of the PNC Defendants set forth herein.

25. At all times pertinent hereto, Defendants Sarah T. Greggerson, ("Greggerson") Christina Cottrell ("Cottrell") and Amy Toller, ("Toller") were employees of Defendant PNC, who conducts business in the state of Illinois.

26. Defendant Attorney Title Guaranty Fund, Inc.,("ATG") an Illinois corporation, has transacted and continues to transact business throughout the State of Illinois. Its principal address is 1 S. Wacker Drive, Chicago, IL 60606

27. At all times pertinent hereto, Peter Birnbaum was President and Chief Executive Officer of ATG. Defendant, Birnbaum authorized, and ratified the conduct of the ATGLS Defendants set forth herein.

28. At all relevant times, Defendant ATGLegalServe ("ATGLS"), a Illinois corporation, has transacted and continues to transact business throughout the State of Illinois including Cook County ATGLS is a subsidiary of ATG.

29. At all times relevant ATGLS was located in the same building as ATG, 1 S. Wacker, Chicago, IL 60606. ATGLS's address changed online approximately sometime in January on 2018 to 105 W. Adams St. Suite 1350, Chicago, IL 60603.

30. At all times pertinent hereto, Kelly Ann Kienzie ("Kienzie") was president and Chief Executive Officer of ATGLS. Defendant, Kienzie directed, authorized, and ratified the conduct of the ATGLS Defendants set forth herein.

31. The Defendants Scott Pryor ("Pryor"), Kathleen Dinunno ("Dinunno"), and Nancy Porter ("Porter") Monique M. Reyes ("Reyes") were employees of the Defendant ATGLS and were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts allegedly owed or asserted to be due on behalf PNC.

32. At all times relevant Defendant, Anselmo Lindberg Oliver, now Called Anselmo Lindberg and Associates, LLC herein after called , ("ALA") is an Illinois limited liability Company under

§1692a(6) of the Fair Debt and Collections Practice Act ("FDCPA") it that it regularly engages in the collection of alleged debts for others in the state of Illinois.

33. ALA is a limited liability company entity with offices at 1807 West Diehl Road, Suite 3328, Naperville, Illinois 60563.

34. At all times pertinent hereto, Defendant Steven C. Lindberg, ("Lindberg"), Thomas Anselmo ("T. Anselmo") and Doug Oliver ("Oliver") were managing partners at ALA. Defendants Lindberg, Oliver and T. Anselmo directed, authorized, and ratified the conduct of the ALA Defendants set forth herein. Defendants are residents of the state of Illinois.

35. Defendants Bryan D. Hughes, ("Hughes") ('Michael C. Crowe, ("Crowe") Christopher S. Iaria, ("Iaria"), Michael Anselmo (M. Anselmo), Sean Jordan, ("Jordan") Masum Patel (Patel), Susan Ward, ("Ward") Tracy M. Bristow ("Bristow") as agents and/or employees of ALA and/or licensed attorneys who work under the direct supervision, management and control of Defendants ALA as co-conspirators to the acts alleged herein that occurred throughout the State of Illinois and in this District.

36. Defendant County Of Cook is an Illinois Municipal Corporation with its domicile and principal place of business in the Northern District of Illinois, Eastern Division.

37. At all times, Defendant Cook County Circuit Court District, ("Cook County") possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of Cook County.

38. Dorothy Brown is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is the duly elected Clerk of the Circuit Court of Cook County, Illinois.

39. Defendant, Catherine A. Schneider ("Schneider') is now and has been at all material times a Judge in the Cook County Circuit Court 1st District, Schneider is a Cook County employee.

40. Defendant, Schneider at all times relevant to this action was an Officer of the Court and an employee of Cook County. She is being sued in both her individual and official capacities.

41. Plaintiff on information and belief, and thereon allege that all Defendants were the agents, employees, and/or co-conspirators of the other Defendants, and each of them were acting within the course and scope of their agency, employment, and/or concert of action, and are vicariously liable, jointly and severally, for the actions, inactions, and/or omissions of themselves and of the other Defendants, which proximately resulted in the monetary, emotional and future damages to the Plaintiffs as herein alleged.

42. Defendant Jane Doe 1 is a clerk for the Cook County Circuit Court 1st District. At all times relevant, held the position of clerk and was assigned to room 1501.

43. Defendant John Doe 2 is a bailiff for the Cook County Circuit Court 1st District. At all times relevant, held the position of Bailiff and was assigned to room 1501.

44. At all relevant times, each defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint.

45. Additionally, some or all of the defendants acted as the agent of the other defendants, and all of the defendants acted within the scope of their agency if acting as an agent of another.

46. At all relevant times, each defendant knew or realized that the other defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.

47. Knowing or realizing that other defendants were engaging in or planning to engage in unlawful conduct, each defendant nevertheless facilitated the commission of those unlawful acts. Each defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

48. At all relevant times, Defendants have engaged in a conspiracy, common enterprise, and common course of conduct, the purpose of which is and was to engage in the violations of law alleged in this Complaint. This conspiracy, common enterprise, and common course of conduct continue to the present.

49. At all times relevant each Defendant/officer of the court acted under the color of state law.

50. The violations of law alleged in this Complaint occurred in Cook County and elsewhere throughout Illinois.

51. Plaintiff is not aware of the true names and capacities of the defendants sued as Does 1 through 1000, inclusive, and therefore sue these defendants by such fictitious names. Each of these fictitiously named defendants is responsible in some manner for the activities alleged in this Complaint. Plaintiff will amend this Complaint to add the true names of the fictitiously named defendants once they are discovered.

### Statute Of Limitations

52. Plaintiff repeats, re-alleges, and incorporates by reference the above allegations.

53. Any applicable statutes of limitations have been tolled by Defendants' knowing and active concealment, denial and misleading actions, as alleged herein. Plaintiff was kept ignorant of information required for the prosecution of her claims, without any fault or lack of diligence on her part.

### Factual Common Allegations

54. The state court never had jurisdiction over the Plaintiff, thus Defendant ALA and Defendant PNC lacked any alleged right to obtain relief in connection with the fraudulently filed lawsuit.

55. The Plaintiff did not have any knowledge of Defendant's fraud prior to or and or about 10-26-17.

56. On August 14, 2015 the Defendants PNC, ALA and Cook County misrepresented to Plaintiff that an alleged mortgage loan debt was in legal proceedings.

57. That the alleged debt was subject to the jurisdiction of the state court and that ALA and PNC could legally obtain summary judgment and other relief against the Plaintiff in a lawsuit that was fraudulently filed.

58. Plaintiff is not using the following pleadings to request relief for violations of state procedural rules. The Plaintiff is only using them to show Want of Jurisdiction, Actual Fraud and Fraud Upon the Court.

59. That on 8-14-15 ALA received a state file number, (15-CH-12248) for the alleged filing of a "Owner Occupied Single Family Home or Condominium".

60. The foregoing was fraudulently filed in an attempt to defraud the Plaintiff.

61. That even if had been legally filed it was transferred to the Municipal Division by the Presiding Judge E. Kenneth Wright, Jr., on 10-26-16 (reference and incorporates as Exhibit 23 filed with the state court on 11-17-17 in Plaintiff's affidavit.

62. Yet, the Defendant ALA continued to file or submit documents in the Chancery Division as late as 12-5-17 as found in state record and reference and incorporated herein.

63. That upon Jordan's statement in open court on 10-16-17, (Jordan is an agent and employee of Defendant ALA) that the Defendant's alleged filing of (**Defendant's §2-619.1 Combined Motion to Dismiss Plaintiff's 3ʳᵈ Amended Complaint and for Summary Judgment)**, on 10-2-17 was filed in the Chancery Division and not in the Civil Division was a mistake and a one-time occurrence. Further Defendant Jordan stated that it was filed by an outside agency.

64. Defendant Jordan also stated in open court that it was re-filed on 10-11-17.

65. Plaintiff decided to look at the documents that were submitted by the Defendant ALA in the past and discovered as follows:

66. That it was Defendant Lindberg who submitted the documents pertaining to the alleged foreclosure complaint on August 14, 2014, 8-19-15, 9-9-15, 3-31-16 and 10-2-17 as noted in the state record and incorporated herein.

67. The Motion slipped was presented by Defendant Lindberg on 10-2-17. Defendant Lindberg's name and attorney code are both listed on the motion slip as page of as noted in the state record and incorporated herein.

68. The foregoing document was electronically filed in the Chancery Division 9-25-17 and schedule to be heard on 10-17-2017, off call at 2:30pm in Room 1501 by Judge Schneider.

69. Plaintiff was only looking to see if any other documents had been filed in the Chancery Division as Plaintiff had no reason to believe that the foreclosure documents were not property filed with the Cook County Clerk of the Court.

70. Further, as being an unsophisticated consumer Plaintiff did not have knowledge of the basic requirements of law for filing a complaint of foreclosure.

71. That it was through this review that Plaintiff discovered the Defendants had falsely representing that the Plaintiff's alleged mortgage loan debt was in legal proceedings, that the alleged debt was subject to jurisdiction of the state court and that PNC and ALA could legally obtain, summary judgment legal fees, foreclosure fees, court fees and other relief against the Plaintiff knowing that the Defendants had no legal right to do so.

72. On information and belief, Defendant Schneider was not aware of fraudulent lawsuit initially.

73. However, when Defendant Schneider became aware that the state court lacked jurisdiction she still issued an alleged order in favor of Defendant PNC: granting them summary judgment, dismissing Plaintiff's counter-claim with prejudice, and striking Plaintiff's affidavit along with exhibits that showed actual fraud.

74. On information and belief original jurisdiction of all justiciable matters can only be exercised by the court through the filing of pleadings which are sufficient to invoke the power of the court to act.

75. The requirement of the foregoing information confers subject matter jurisdiction on the court and empower the court to act.

76. During the pendency of this fraudulent activity the Defendants PNC, ALA, ATGLS, and Cook County have been unjustly enriched by the collection of fees that it had no legal right to collect or charge Plaintiff.

77. The alleged Complaint is titled, **COMPLAINT TO FORECLOSE MORTGAGE** 735 ILCS 5/15-1504(a) (1) through (3).

78. However; is it entitled, "Owner Occupied Single Family Home or Condominium" on the Cook County Clerk's electronic system.

79. That the complaint is dated August 14, 2015; was not filed with the Cook County Clerk's Office, bears a file stamp that was allegedly stamped in court room 2408 ( someone else other the Clerks' Office). The stamp states in part as follows: FILED CH-2408, AUG 14, 2015, DOROTHY BROWN CLERK OF THE CIRCUIT COURT OF COOK COUNTY IL. Further it does have a judge's signature on it as (**EXHIBIT 1**).

80. The receipt which is attached to back side of the first page of the complaint is printed in part as follows: 0015517, Chancerty-01 8-14-2015 2:37PM, ATTNY 58852, CASE NO. 2015 CH 12248 CALENDAR 60 Court Date 0/0/0000 12:00**AM** and has a total amount of $887.00 as **EXHIBIT 2.**

81. The Summons dated August 14, 2015, bears no seals, was not filed with the Cook County Clerk's Office and bears a file stamp that was allegedly issued by someone else other the Clerks' Office, the stamp states in part as follows: FILED CH-2408, AUG 14, 2015. It is not signed by a judge, as **EXHIBIT 3.**

82. That there is another Summons dated Aug 14, 2015, stamped CH-2303 Sep 09 2015 and stamped with the Clerk's FILED - 1 **2019** SEP 9 2:03PM, (a future date) and the same stamp date of the Special Process Server for 8-27-17 and 8-28-17 as **EXHIBIT 4.**

83. That a Duplicate Alias Summons Dated **12-8-15**, filed stamped FILED **2016 JAN 14**, PM 2:51 CHANCERY DIVISION as **EXHIBIT 5**.

84. The Summons and complaint have two different file stamps dates on them. The complaint is stamped 8-14-15 and the Summons is filed stamped 9-9-15, it says "Owner Occupied"

85. That it does not contain the Cook County Clerk's File stamp which lists the division, time and date of filing.

86. Plaintiff was billed and continued to be billed for this fraudulent filing.

87. That no Summons and/or Complaint were issued; yet service was attempted by Defendants ATGLS through their agents Scott Pryor, Kathleen Dinunno and Nancy Porter on numerous occasions.

88. That the *Lis Pendens and Notice of Foreclosure* document states under the caption "Filed with the Court" "8-14-15", however it is filed stamped on 8-19-15 AM 10:22 in the Chancery Division. Further, the last page titled "Certificate of Service of Lis Pendens on the Illinois Department of Financial and Professional Regulation AFFIDAVIT" is not filled in or signed as **EXHIBIT 6.**

89. A Lis Pendes was recorded with Cook County Recorder of Deeds in 2015.

90. That per 1-109 Verification of by Certification singed by Susan Ward, under penalties of law on 8-18-15 filed stamped on 8-19-15. Susan Ward states that she mailed an Affidavit of Mailing Notice of Foreclosure to John Arena as **EXHIBIT 7** the Foreclosure Complaint and notice were fraudulent and the notice was sent to a public official.

91. That the Motion for the Appointment of Special Process Server, does not contain a stamp from the Clerk's office, there is no proof of Service, no Notice of Motion as **EXHIBIT 8**.

92. The Second page of the forging motion is entitled; "The Amended Order For Standing Order For The Appointment Of A Special Process Server For The Quarter Ending September 30, 2015" It is stamped June 30, 2015 is not signed by the Judge (Lewis Nixon). The stamp has a fuzzy background, as Page 2 of [**EXHIBIT 8].**

93. That on 8-25-15 Scott Pryor stated that he tried to serve me, non-service dates of 8/19/2015, 8-21-15 and 8-23-15 are listed on the Affidavit of Special Process Server no 8-25-15 date is listed in the box. It is stamped in part as follows: "FILED -1 **2019** (A FUTURE DATE) SEP 09 2:03PM. CHANCERY DIV. The Affidavit is dated 8-27-

94. 2015, as **EXHIBIT 9**.

95. On 8/28/15 Defendant Dinunno of ATGLS signed an Affidavit of Special Process Server stating that, Plaintiff Non-Served within named defendant on August 23, 2015 @ 11:58AM, stamped in part as follows: FILED 1 **2019** (A FUTURE DATE) SEP 09 2:03PM, CHANCERY DIV, as **EXHIBIT 10.**

96. On 12/31/15 Defendant, Pryor signed affidavits stating he attempted to serve Plaintiff on the following dates: 12-08-2015 12-10-2015, 12-12-2015, 12-14-2015-12-17-2015, 12-19-2015, 12-21-

2015, 12-23-2015, 12-26-2015, 12-28-2015, 12-29-2015, 12-30-2015. The Division of filing is not listed on the stamp as **EXHIBIT 11**.

97. On 1-6-16 Defendant Porter of ATGLS, Inc. signed an Affidavit of Special Process Server stating that, Plaintiff Non-Served within named defendant on 12-26-15, 2015 @ 1:25PM stamped in part as follows: FILED 1 2016 JAN 14 2:51PM, CHANCERY DIV. as **EXHIBIT 12**.

98. That Plaintiff had previously asked a manager in the Chancery Division if Plaintiff could see a copy of the file. The manager informed that there was nothing in the file that everything was imaged. The electronic docket states "image not available" for the 8 entries dated 8-14-15 on the state's case activity system. The picture of this exhibit was taken on 12-20-17 as **EXHIBIT 13.**

99. Images are also not available for the date 12-14-17 for the titles "Summary Judgment – Allowed", Strike or withdraw motion or petition – allowed, issued by Defendant Schneider as **EXHIBIT 14**.

100. That on information and belief the "Case Information Summary for Case Number 2015-CH-12248" has been tampered with. Plaintiff made copies of the foregoing on 10-11-17. The 10-11-17 dates contains activity from 8-14-2015 to 3-22-16. This information was omitted in the summary printed on 10-16-17. This summary starts with 8-14-15 and then jumps to 5-06-17, The dates from 8-28-17 to 10-2-17 is on the 10-11-17 report but omitted on the 10-16-17 report, the same day Plaintiff had a hearing for Plaintiff's Emergency Motion. Plaintiff repeats and incorporates (EXHIBIT 19) found in Plaintiff's state complaint.

101. That Defendant Lindberg who filed a motion to dismiss on 3-31-16 stating that the foreclosure should be dismissed "…*due to the fact that the loan was modified…* "Plaintiff repeats and incorporates Exhibit 21 found in Plaintiff's affidavit filed on 11-17-17 with the state court.

102. That is was Defendant Lindberg who signed a 1-109 Verification by Certification for a <u>Statement Of Additional Fee Due Pursuant To 735 ILCS 5/15-1504.1(A-5) (3)</u> that this additional fee of $500.00 was billed and paid by Plaintiff'.

103. That Sarah T. Greggerson signed a 1-09 Verification dated 3-24-17 in her response titled Counter Defendant's Response to **Defendant/Counter Plaintiff's First Set of Admissions**" her title on the

Affidavit is "Officer". This 1-109 Verification was filed on March 28, 2017 in the Chancery Division as recited and incorporated herein. The Verification contained a Section 1-109 Verification **Proof of Mailing** signed by Tracy M. Bristow, Litigation Paralegal, as recited and incorporated herein.

104. Further Greggerson, an officer at PNC states as follows in her response to the forgoing document,

"*PNC admits that its second foreclosure action against Parkinson was filed on August 14, 2015.*"

This statement is found in the last paragraph page 3 of 18 of the foregoing document.

> First Set of Admissions, *Request 6.* Admit that your legal counsel, Anselmo Lindberg Oliver, LLC filed a foreclosure complaint on August 14, 2015 during the pendency of the August 2015 loan modification agreement and did not give Counter-Plaintiff 30 days to respond as required by the FDCPA as **Exhibit 5.**
>
> **RESPONSE:** PNC objects to the request in form as it contains a compound question, is unanswerable as set forth under Supreme Court Rule 216, and contains inaccurate statements of law. Subject to and notwithstanding said objections, PNC admits that its second foreclosure action against Parkinson was filed on August 14, 2015.

105. Defendant "Greggerson" signed an Affidavit dated July 7, 2017. That this Affidavit was electronically filed with the court on 9-25-17 in **Defendant's Motion to Dismiss Plaintiff's 3rd Amended Complaint and for Summary Judgment** as Defendant's **EXHIBIT 7** and recited and incorporated herein.

106. Defendant's "Greggerson's" signature on the foregoing documents indicates that she was fully aware of the fraudulent Foreclosure Complaint proceedings. Yet, Defendant PNC and ALA kept and continue to charge Plaintiff fees that were /are being disputed and are unlawful.

107. The Defendant Cook County through its employees and or officers of the court allowed the proceedings to continue.

108. That the Proof of Service signed by Defendant Patel, as **EXHIBIT 15** states that this document was mailed on 10-4-17, yet it has a file stamp from the Chancery Division has a stamp of **FILED -1 2017 OCT-5 AM 12:04 CHANCERY DIVISION** and **FILED CH 2017 OCT-4 PM 3:53 CHANCERY Division**. This document was not received until 10-13-17. Further the envelope the document came in has a metered stamp of 10-4-17 as **EXHIBIT 16.**

109. Defendant's ALA "Notice of Filing" dated 12-5-17 stated the Document entitled <u>Defendant's Reply in Support of its §2-619.1 Combined Motion to Strike and Dismiss Plaintiff's 3rd Amended Complaint and for Summary Judgment,</u> "was sent for filing on December 5, 2017 with the Clerk of the Court of Cook County, Illinois" as **EXHIBIT 17**

110. The forgoing document was electronically filed on 12-5-2017 at 1:41PM in the Chancery Division. Plaintiff was sent an unstamped file copy.

111. That the document is not legally filed; therefore, Plaintiff will not argue its contents. Defendant's ALA's response on information and belief is evidence of actual fraud as its acknowledges receipt of the following: **Counter-Plaintiff's Verified Motion To Vacate, Affidavit Of Michelle Parkinson, Verified Motion For Disclosure,** as reference and incorporated herein) in foregoing entitled document in paragraph 101.

112. Further in paragraph 2 page 2 of 5 Defendant ALA/PNC states, "PNC will treat the aforementioned motions as a "response" to PNC's current Motion and it does its best to respond accordingly."

113. Prior to Defendant Schneider ruling for on Defendant's PNC behalf she stated on two separate occasions, "I thought we had disposed of this case"

114. On or about 10-11-17 Plaintiff, not knowing that there was actual fraud in this case wrote a counter-affidavit in response to defendant motion to dismiss and for summary judgment.

115. Plaintiff tried on the previous day for over five hours to submit it and received an error stating the Clerk's office was down for maintenance and to try and enter the information later.

116. Plaintiff entered several random numbers file number and did not get that message.

117. On information and belief a code was entered so Plaintiff would not be able to electronically file by information.

118. Before court on 10-16-17 Plaintiff when to law library located in the Daley Center and was also not enable to submit it because Plaintiff kept getting error messages.

119. Plaintiff has evicted tenants with the last name of Davenport, there are some employees with this last name that work in the law library. Plaintiff believes they are related on information and belief.

120. Plaintiff email was also hacked from the law library after using one of their computers. Plaintiff informed the IT person Keith last name unknown and was treated badly after she complained.

121. On 10-02-17 Defendant PNC filed a motion as previously plead in paragraph 57 of the foregoing.

### Factual Allegations

122. On the Court Date of 10-16-17, Defendant Schneider asked Plaintiff, "Do you want to contest this? Plaintiff replied, "Yes." Defendant Schneider then stated, "I will give you 28 days." Defendant Schneider then asked Defendant Hughes, "How much time do you want after that?" He asked, "Can we hear it now? Defendant Schneider then asked the same question again. Defendant Hughes, stated "14 days". The case was then set to be heard on 12-14-17.

123. On information and belief Defendant Schneider did not want to rule on the case on 10-16-17 because the courtroom was full on litigants on that day.

124. On 12-6-17 Plaintiff took public transportation to the Daley Center and on information and belief states as follows:

125. Plaintiff noticed that there was a tall white male following her. He got off of the train at the Washington stop. He walked ahead of Plaintiff. He then stopped walking and pretended to use his phone. Plaintiff stopped walking too. He then continued to walk and took the elevator to the stop of the stairs.

126. He was waiting for Plaintiff at the top of the stairs. Plaintiff then shouted, "Stalker, spy, stop following me!" He then ran southbound up a flight of stairs. Plaintiff then walked in the Daley Center.

127. Plaintiff noticed a talk white male with a dark complexion. He was approximately 6' black hair and beard, 170 lbs and was wearing a blue trench coat with a checked pattern lining. He was reading his text messages. He kept staring at Plaintiff as Plaintiff approached the security check area.

128. He then walked through metal detector. Plaintiff then went through the metal detector. He kept staring at me as he slowly put on his belt. Plaintiff took the elevator to room 1501 and arrived there approximately at 1:58pm.

129. Plaintiff left room 1501 at approximately 2:25pm. Plaintiff observed a white male setting outside of room 1501.

130. He was heavy set, wearing ski jacket, his face was flushed, he looked as if he just came from outside and he kept staring at Plaintiff as she left to go room 1301. Numerous individuals continued to follow Plaintiff on that day and continue to follow Plaintiff.

131. The purpose of Plaintiff's visit on 12-6-17 was to drop off a courtesy copy of Plaintiff's motions and affidavit to Defendant Schneider.

132. There were other litigants in the courtroom. Plaintiff waited until they were through talking with the Defendant Schneider, Plaintiff then approached the clerk, Defendant Jane Doe 1. Plaintiff told Defendant Jane Doe 1 that Plaintiff needed to leave a copy a courtesy copy for the judge.

133. Defendant Jane Doe 1 told Plaintiff to have a seat.

134. Defendant Schneider looked at Plaintiff wrote something down and then handed to Defendant Jane Doe 1.

135. On information and belief this was note instructing "Joanne" to leave the office. Joanne is the court employee who logs in the courtesy copies.

136. Defendant Jane Doe 1 then opened the door that leads to various offices including, Joanne's office.

137. Defendant Jane Doe 1 then came back into the courtroom a few minutes later and motioned for Plaintiff to come to her.

138. Plaintiff asked Jane Doe 1 if she could get a receipt for the courtesy copies; Jane Doe 1 stated, "I can't give you a receipt you have to get it from Jo." Plaintiff then said, "Jo as in Joanne?" Defendant Doe 1 said, "Yes." Defendant Doe 1 then walked Plaintiff to Joanne's office.

139. Defendant Doe 1, then stated, "Oh, she is not here." Defendant Doe 1 then told Plaintiff to leave the courtesy copy on Joanne's desk.

140. Plaintiff stated she did not want to because she needed the receipt. Plaintiff then asked Defendant Doe 1 if she could ask Defendant Schneider to take it. Defendant Jane Doe 1 stated, "No."

141. Plaintiff and Defendant Jane Doe 1 both walked back into the courtroom. Plaintiff asked Defendant Schneider if she could take it. Defendant Jane Doe 1, then stated in loud and authoritative voice, "I told you, you couldn't ask her anything!"

142. Defendant Schneider then, looked at Plaintiff and walked out of the courtroom without responding to Plaintiff's question.

143. Plaintiff asked the Defendant Jane Doe 1 for a receipt again, Defendant Doe 1 stated, "I can't give you one. We haven't given out receipts for over 6 months."

144. Plaintiff then said, "If I do not get a receipt the judge is going to say she never received a courtesy copy." Plaintiff told Defendant Doe 1 that Plaintiff was not going to leave it without a receipt.

145. Defendant Jane Doe 1 then told Plaintiff to come back by 3:00 or 3:30 because Joanne worked in different courtrooms.

146. Plaintiff left the courtroom and tried to enter various courtrooms in an effort to find Joanne.

147. Plaintiff was approached by a deputy who told Plaintiff that she just got a call from Defendant Schneider and per her; no one would be allowed back in room 1501.

148. Plaintiff then went to room 1301 the presiding judge's office to drop off the courtesy copy.

149. Plaintiff asked for a receipt and was told by various employees that they did not give out receipts and that Plaintiff would have to get a receipt from room 1501. Plaintiff informed them that no one in 1501 would give Plaintiff a receipt.

150. Plaintiff, finally stated, "Do I have to go the chief judge's office to get a receipt?" One of the employees asked where Joanne was. Another employee responded by saying she was gone for the day. Plaintiff was then given a note stating that Plaintiff dropped it off.

151. That on 12-14-17 Plaintiff's case was scheduled to be heard first.

152.   The clerk, (Jane Doe 1) announced, "We are going to do things a little different today"

Defendant Jane Doe 1 then proceeded to call the case listed on line 2 first.

153.   That the 1:30p.m. Calls usually have far more than 2 cases on the trial call, on that day it only had

two. Further, the forgoing case was scheduled for hearing on 10-20-17.

### First Claim of Relief
### 42 U.S.C. § 1983 Claim Of Actual Fraud Against All Defendants

154.   At all relevant times, Defendants have engaged in a conspiracy, common enterprise, and common

course of conduct, the purpose of which is and was to engage in the violations of law alleged in this

Complaint.

155.   On every crucial juncture, when the onus was upon Defendants to correct its wrongful actions the

Defendants took no action.

156.   The Defendants instead made false and misleading statements and covered up its actions in an

effort to maximize its profits, knowing that its actions were wrong.

157.   Exhibits 1-25 as previously pleaded shows evidence this actual fraud. The foregoing and

following pleading also infers this.

158.   This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C.

§1983 and 28 U.S.C.

### Second Claim of Relief
### 42 U.S.C. § 1983 Against Cook County Circuit Court

159.   The Cook County Circuit Court and the Defendants developed and maintained policies and/or

customs exhibiting deliberate indifference to the Constitutional rights of United States citizens, which

caused the violations of Plaintiff's rights.

160.   That on information and belief it was the policy and/or custom of the Defendant to train

employees that laws of the Constitution did not apply to certain law firms, corporations or politically

connected individuals.  Thereby, failing to properly discourage Constitutional violations on the part of

the officers of the court.

161.    As a result of the above-described policies and customs, employees of the court; including the
        Defendants, PNC, ALA, ATG, ATGLS, believed that their actions would not be properly monitored
        by supervisory officers and that misconduct would not be investigated or sanctioned, but would be
        tolerated.

162.    The above-described polices and/or customs demonstrate a deliberate indifference on the part of
        Defendants Cook County Circuit Court and Judge Schneider for the Constitutional rights of United
        States citizens, and were the cause of the violations of Plaintiffs' rights alleged herein.

163.    Plaintiff is entitled to declaratory relief, compensatory damages in an amount to be proven at trial.

164.    Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

### Third Claim of Relief
### Violation 42 U.S.C. § 1983 Deprivation Of A Trial
### By Jury Against Defendant Schneider

165.    Under the Seventh Amendment Plaintiff is entitled to a trial by jury.

166.    Plaintiff demanded a trial by jury on all matters triable and was denied that right by Defendant
        Schneider.

167.    This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C.
        §1983.

### Fourth Claim of Relief Count I
### 42 U.S.C. § 1983 Claim Of Retaliation For Exercise of
### First Amendment Protected Free Speech Activity Against
### Defendant Schneider and unknown Defendants

168.    Defendant Schneider and unknown judges of the court maliciously, and under color of state law
        deprived Plaintiff of Plaintiff's rights under the First Amendment to the United States Constitution,
        which are secured through the Fourteenth Amendment, by maliciously retaliating against Plaintiff for
        Plaintiff's exercise of the constitutional right of free speech to protest government activity of great
        public interest of which Plaintiff disapproved and protested peacefully without interfering with the
        State's operations.

169. Plaintiff in a separate claim, filed a complaint against two attorneys, Mark Ruda and Mathew Iodice. Plaintiff further protested against two other judges' activities by filing a Verified Complaint of Mandamus with the Illinois Supreme Court, which was denied.

170. That it was on or about July 27, 2017 when Mark Ruda turned around and looked at Plaintiff in Defendant Schneider's court room.

171. After the foregoing date Defendant Schneider started treating Plaintiff differently, she would roll her eyes when Plaintiff said good morning and progressively began to violate Plaintiff's constitutional rights.

172. Plaintiff's filing of documents showing actual fraud by the Defendants on 11-17-17 with the state court accelerated the retaliation and some of these documents were concealed on the Clerks electronic filing system and were unavailable for public view.

173. Defendant Schneider treated both Plaintiff and ALA equally prior to these occurrences.

174. On 12-14-17 Defendant Schneider struck: **Plaintiff's Verified Motion To Vacate, Affidavit of Michelle Parkinson and Verified Motion For Disclosure** which provided evidence of actual fraud upon the court.

175. In depriving Plaintiffs of these rights, Defendants committed these unlawful violations under color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiffs' human and property rights.

176. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983.

### Fourth Claim of Relief Count II
### 42 U.S.C. § 1983 Defendant, Cook County and Defendant Brown
### Suppression Of Public Documents, Tampering with Court Files - In Violation Of Plaintiff's 1st Amendment Right

177. The documents that were alleges filed on 8-14-15 by Defendant ALA on behalf of Defendant PNC were filed by paper. The alleged order that was issued by Defendant Schneider on 12-14-17 was also filed by paper.

178. The forgoing documents are required to be made immediately available to the public.

179. Several documents that Plaintiff has electronically filed have not been uploaded to the Clerk's electronic filing system for months now.

180. The some of the documents filed by ALA, PNC, and ATGLS have been suppressed for over two years.

181. These actions are systematic and they have happened and the 1st and 2nd District. Documents that were sent for filing by Plaintiff were removed from the file.

182. Documents were sometimes scanned in backwards, Exhibits were not uploaded in the order they were submitted, for example Exhibit 8, will be listed as the 1st Exhibit and Exhibit 17 would be listed as the second Exhibit.

183. Court records were tampered with, a file number 2015-12248 was issued knowing that the Court lacked personal and subject matter jurisdiction, several documents were stamped with a date of 9-9-2019, the fraud has continued.

184. This is not an isolated incident as in another case, a note was found in the file stating to keep the file in a certain judge's office, documents were scanned in backwards and upside down, documents were removed from the case file and certain documents that proved Plaintiff's case were not electronically uploaded at all.

185. Defendant Cook County and Brown's actions violate the right of the public to have immediate access to otherwise public documents. Accordingly, it is actionable under and may be redressed by 42 U.S.C. §1983.

### Fifth Claim of Relief
### Against All Defendants that are Officers of the Court - for Fraud upon the Court

186. Plaintiff on information and belief states as follows:

187. Documents were fabricated by the attorneys and officers of the court. The officers of the court at some point were knowingly participants in the fraud on the court. Documents that showed this fraud on its face were hidden in the official court files, with some being marked "image not available."

188. The Cook County Clerk's electronic filing system requires that the Plaintiff's or Defendant's name be entered correctly.

189. Defendant ALA entered Plaintiff's name as *Parkinson, Michelle* in the Chancery Division and *Parkinson, Mic* in the Civil Division ALA's address was listed as plaintiff's address as **EXHIBIT 21.**

190. The foregoing was done in an effort to prevent Plaintiff from filing in the Civil Division

191. Schemes were concocted to attempt to cover-up certain falsehoods. The officers of the court were involved in all of this.

192. That while on information and belief Defendant Schneider was a victim of fraud on the court for several months on the onset of the alleged filed state case.

193. Defendant Schneider initially granted Count I of Plaintiff's 1st Amended Complaint for Violation of the Dodd Frank Act, Counts 6 and7 were stricken and Plaintiff was given leave to re-plead counts 2, 4 and 5 of the forgoing complaint.

194. Defendant Schneider later became aware of the fraud and perpetrated fraud on the court herself.

195. Defendant Schneider willfulness is characterized by her open defiance and reckless disregard of Plaintiff's Constitutional rights. This willfulness is inextricably related to, but exceeds mere error.

196. That the employees of the office of the clerk of the court are all officers of the court. The clerk's office failed to docket some of Plaintiff's filings, changed docket entries, issued documents with future dates and issued invalid documents that do not bear a judges signature, the signature of the clerk and the seal of the court.

197. ATGLS attempted to serve Plaintiff knowing it had no legal right to do so, further they filed numerous documents that contained 9-9-**2019** file stamps a future day of two years at the time.

198. The President and CEO of Attorneys' Title Guaranty Fund, Inc. (ATG) is Peter Birnbaum is also the Chief Justice of the Illinois Court of Claims. He works for the Illinois Secretary of State. The

Secretary of State also issues license number to Defendant's Birnbaum copy ATG, and its four subsidiary

199. Defendant's Birnbaum's dual role in the public and private sectors is well known in legal circles in the state of Illinois. Plaintiff would be hard pressed to find an Illinois State judge to rule in Plaintiff favor knowing this.

200. ATG issued title insurance to Plaintiff when the house was originally purchased, AGTLS was hired as a process server, the Judicial Sales Corporation was then hired to sell Plaintiff's house in the previous foreclosures.

201. The foregoing are all subsidiaries of ATG. ATG likewise owns a trust company. ATG is located in various states. On information and belief this adds to its political power and influence.

202. This dual role along with other judges and officers of the court on information and belief corrupted and or influenced Defendant Schneider and the judicial machinery in such a way that the impartial functions of the court have been directly corrupted.

203. On information or belief ATGLS hires retirement or currently employed officers as private detectives. His dual role also has influence of top politicians both locally and federally.

204. The officers of the court knowingly and repeatedly acted without jurisdiction as described in this complaint.

205. All of the forgoing actions were directed towards the judicial machinery of the court.

206. These are all acts along with the actions previously pled are grounds for a finding of fraud upon the court.

### Sixth Claim of Relief
### Intentional Infliction of Emotional Distress All Defendants

207. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff.

208.    The purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed. Defendants conspired to systematically deny Plaintiff of her right to dispute the legitimacy and validity of a claimed debt.

209.    The Defendants attempted to take advantage of a consumer reasonably inability to protect her interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

210.    As an actual and proximate result of Defendants' outrageous conduct that was done with callous, reckless, wanton, and malicious actions; Plaintiff suffered humiliation, mental anguish, physical discomfort, injury, and severe emotional distress.

211.    Further, Defendants actions were unconscionable, inhumane and were a blatant abuse of power.

212.    Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.

213.    Plaintiffs are entitled to exemplary and/or punitive damages in an amount to be proven at trial.

### Seventh Claim of Relief Against ALA, PNC and ATGLS
### Defamation

214.    By bringing to fraudulent action to the state court, the Defendant ALA has made Plaintiff's personal information public and has forced Plaintiff to make Plaintiff's information public in order to defend the fraudulently filed lawsuit.

215.    That ALA sent an affidavit of the filing of a foreclosure complaint to Plaintiff's alderman.

216.    That AGTLS went to Plaintiff's former employer, Plaintiff's and neighbors home.

217.    The Plaintiff was treated as if she was not a wanted criminal.

218.    Plaintiff was not a wanted criminal, and Defendants knew and/or acted in reckless disregard of the fact that Plaintiff not a criminal.

219.    On information and belief, such individuals were not persons to whom Defendants enjoyed a privilege to publish such defamatory communications.

220.    The actions of Defendants constitute defamation per se.

221. As a direct and proximate result of the actions of Defendants, Plaintiff suffered damage to her reputation, humiliation, mental anguish, physical discomfort and severe emotional distress.

222. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

223. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

### Eighth Claim of Relief Against Defendants
### ALA, ATGLS, PNC Cook County Employees
### Fraudulent Process

224. Defendants engaged in fraudulent process by representing for over two years and 7 months that it legally filed a complaint of foreclosure against the Plaintiff.

225. This was not for the purpose of resolving a legitimate dispute, but for the ulterior purpose of legitimizing and/or concealing their wrongful actions.

226. The actions of Defendants constitute fraudulent process.

227. Defendants acted with oppression, fraud, and malice by falsely representing that the Plaintiff's alleged mortgage loan debt was in legal proceedings, that the alleged debt was subject to jurisdiction of the state court and that PNC and ALA could legally obtain, summary judgment legal fees, foreclosure fees, court fees and other relief against the Plaintiff knowing that the Defendants had no legal right to do so.

228. In response to Plaintiff's complaint to the "Consumer Financial Protection Bureau" ("CFPB"), PNC as represented by Defendant Toller states as follows verbatim in her response dated March 25, 2016 about the process server:

   a. *"...they were simply hired to effectuate service of process so that your due process rights were protected and you properly received notice of the lawsuit filed against you. The documents that were filed are parts of returns of service from the process service which must be filed in the court file. Another document was part of an affidavit that must be filed in Cook County pursuant to Local Rule 73."*

229. In stating the foregoing, Defendant Toller clearly acknowledges that Plaintiff rights to due process "must" be followed, yet Plaintiff's rights to due process were not followed.

230. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

231. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

### Ninth Claim of Relief Against all Defendants
### Civil Conspiracy

232. On information and belief Plaintiff states as follows:

233. At all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint.

234. Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the defendants acted within the scope of their agency if acting as an agent of another.

235. At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.

236. Knowing or realizing that other Defendants were engaging in or planning to engage in unlawful conduct, each defendant nevertheless facilitated the commission of those unlawful acts.

237. Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

238. At all relevant times, Defendants have engaged in a conspiracy, common enterprise, and common course of conduct, the purpose of which is and was to engage in the violations of law alleged in this Complaint.

239. This conspiracy, common enterprise, and common course of conduct continue to the present.

240. The violations of law alleged in this Complaint occurred in Cook County and elsewhere throughout Illinois.

241. All defendants knew of the parameters of the instruction to utilize the false documentation.

242. All of the Defendants knew, or clearly should have known, that the documents were not filed properly filed with the Cook County Clerk of the Circuit Court as required by law.

243. These fraudulent documents were brought to Defendants attention. On information or belief over 1000 plus Defendants had/has knowledge of the fraud and not one person reported it to the proper authority.

244. Defendant Schneider stated in open court on 12-14-17 that she read the courtesy copies that Plaintiff submitted on 12-6-17.

245. Defendant Schneider in own hand struck the Plaintiff's motions and affidavit by stating in open court that they were not properly plead, but writing in an alleged order that they were struck for being off call.

246. Further the alleged order was not signed by Defendant Schneider as **EXHIBIT 22**.

247. Further the images on the Cook County electronic filing system were marked "image not available for the forgoing motions.

248. Cook County issued not just one but numerous stamps with two different dates and future dates on them.

249. There is no question or doubt that the use of the false documentation set forth above was pursuant to an agreement by and between all defendants.

250. On information and belief the Defendants have all conspired to deny Plaintiff of her constitutional rights. Therefore, Plaintiff will not receive a fair trial in any Illinois State Court.

      b. State judges, officers of the court and low and high ranking politicians have retaliated against plaintiff; for providing evidence of lack of personal and subject matter jurisdiction; filing a complaint of mandamus against two other judges in a other case and also for complaining against two other attorneys for their unlawful conducts.

      c. Further because there are so many high ranking government and politically connected private corporations allegedly involved in this complaint on information and belief no state judge will rule in Plaintiff favor regardless of the evidence.

251.  Defendants further agreed among themselves to provide a false accounting of the incident for the purpose of concealing their own wrongdoing and causing Defendant PNC through is counsel ALA to be awarded a final alleged order of summary judgment by Defendant Schneider.

252.  The actions of Defendants were undertaken with fraud, oppression, and malice.

253.  The fact that plaintiff has to defend herself against all of these powerful Defendants is reprehensible as on information and belief they had full knowledge that jurisdiction was lacking.

254.  As a direct and proximate result of Defendants' actions, Plaintiffs suffered emotional distress, humiliation, physical discomfort, and injury.

255.  Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

256.  Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

### Tenth Claim of Relief
### Violation of IV, IX and X Amendment Invasion of Privacy
### Perpetual Gang Surveillance

257.  Defendants are engaged in the alleged violation of the United States Constitution's 4th, 9th and 10th Amendments as applied to the States via the Fourteenth Amendment. Plaintiff states the following on information and belief:

258.  That the foregoing has violated by rights by engaging in gang surveillance. These coerced surveillances were and are being done in collusion with law enforcement officers and unlicensed individuals.

259.  ATGLS employees are also being used to follow Plaintiff. On information and belief, Plaintiff is later billed for some of these unlawful surveillances in the form of attorney expenses by ALA and PNC.

260.  Defendants have conspired to have me followed 24 hours a day and have at one point Plaintiff has observed over 30 people following her in one day.

261.  Plaintiff's information and photograph has been given to these licensed and un-licensed individuals some of which appear to be convicted felons.

262.    That the foregoing is not only illegal but has been an invasion of my right to privacy.

263.    Plaintiff lives in constant fear that she will be assassinated as so many powerful government and private employees have conspired against her a person with no political connections.

264.    They were and are being done without a warrant and with reckless indifferences to Plaintiffs' rights.

265.    That Plaintiff has recently discovered that the President and CEO of ATG, ATGLS is a subsidiary of ATG. Peter Birnbaum is also the Chief Justice of the Illinois Court of Claims.

266.    This dual role of Private and Public section represents a conflict of interest and an influence over the other Defendants whether intentional or not as ATGLS file stamps of 9-9-**2019** and its fraudulent process were blatantly ignored by all Defendants.

267.    On information and belief the state of Illinois makes a lot or revenue from its private business and ATG is protected by the state. That Plaintiff filed a complaint with the state against PNC. The state of Illinois took approximately a year to respond to Plaintiff's complaint and after a year they informed Plaintiff there was nothing they could do because PNC was a federal bank.

268.    The State of Illinois also did not take any actions against Defendant ATGLS when Plaintiff reported their illegal activities in the past.

269.    Defendants conspired to retaliate against Plaintiffs for Plaintiff's clearly established First Amendment constitutional right to voice disapproval of Defendants unconstitutional actions Claim VIII Violation of IX and X Amendment Invasion of Privacy Perpetual Gang Surveillance.


270.    On 12-20-17 Plaintiff went to the Daley Center. Plaintiff noticed that she was being followed.

271.    After leaving the Daley Center, Plaintiff went to the Federal Building. Plaintiff arrived there at approximately 3:05PM. At approximately 3:17 PM John Doe 3, a heavy built white male with black

glasses came into the same room and sat by Plaintiff. Plaintiff got up a few minutes later and went to another area.

272. At approximately 4:18pm she asked a female white clerk with dark colored hair to print out some documents that Plaintiff had sent to the printer. Plaintiff filled out the form and the clerk asked Plaintiff to spell her last name. Plaintiff then asked her if the cafeteria was still open. She stated that she did not know and told Plaintiff that it was located on the second floor.

273. Plaintiff went to the 2nd floor and found it to be closed. Plaintiff then walked back to the elevator and saw John Doe 4 a white male, 6'4, light brown hair, with a red jacked and gray jogging pants and gym shoes. He stepped off the elevator and when I got in he got on also.

274. Plaintiff then stated, "Funny how you were getting off and then you got back in when I got in." John Doe 4 stated, "Yeah."

275. Plaintiff went to the security to tell them that Plaintiff was being followed by John Doe 4. He then walked quickly out of the building and went down the stairs that went to the blue line.

276. Before leaving the building I asked security where a certain building was located. The security officer stated I had to speak loud because he could not her me in the booth. I spoke louder and when Plaintiff

277. Went downstairs she I saw John Doe no. 4 on the same street that the security guard had told Plaintiff to take. Plaintiff went back in building and waited after about 15 minutes he was still standing and texting on his phone.

278. Plaintiff continues to be followed by numerous individuals prior to that day and every day since.

279. On information and belief Plaintiff also believes that Plaintiff's electronic communications are also being monitored electronically.

280. That because the Defendants on information and belief engaged in the behavior of this alleged complaint. Plaintiff believes that they have no regard for Plaintiff's life and would engage in criminal activity in order to prevent this information from coming to light.

281. That Plaintiff is in fear of her life.

282.    As a direct and proximate result of Defendants' actions, Plaintiffs suffered emotional distress, humiliation, physical discomfort, and injury.

283.    Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

284.    Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

### Statutory Facts

285.    Illinois criminal statutes relating to false filings, perjury and forgery exist to protect citizens and the judiciary from the consequences of these acts.

286.    A person commits the offense of unlawful clouding of title who intentionally records or files or causes to recorded or filed any document in the office of the Recorder of Deeds or registrar of titles of any county of this state that is a cloud on the title of land in this state, knowing that the theory upon which the purported cloud on title is based is not recognized as a legitimate legal theory by the courts of this state or of the U.S. commits the offense of unlawful clouding of title.

287.    Unlawful clouding of Title is a class 4 felony if the cloud on the title has a value that exceeds $10,000. 720 ILCS 5/32-13

288.    A person commits perjury when, under oath or affirmation, in a proceeding as in any other matter where by law oath or affirmation is required, he makes a false statement material to the issue or point in question, which he does not believe to be true. 720 ILCS 5/32

289.    Under Illinois Law 720 ILCS 5/17-3, a person commits the Illinois crime of forgery when with the intent to defraud, they knowingly:

290.    Make or alter any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions or by authority of one who did not give authority or

291.    Issues or delivers such document knowing it to have been thus made or altered.

292.    Under Illinois Law 720 ILCS 5/32-8. A judge, circuit clerk or clerk of the court, public official or employee, court reporter or other person commits tampering with public records when he or she knowingly, without lawful authority and with the intent to defraud any party, public officer or entity alters, destroys defaces, removes, or conceals any public record received or held by any judge or by a clerk of any court.

### Defendant's Scheme

293.    Defendants took advantage of the fact the Plaintiff is an unsophisticated consumer it they falsely represent that the alleged foreclosure complaint was in legal proceedings.

294.    Courts have dismissed numerous foreclosure lawsuits filed by so called "foreclosure Mills" such as ALA and others. The lawsuits were dismissed because PNC and other lenders did not own the purported debt. In re Foreclosure Cases. *1:07CV2282* and 14 others, 2007 U.S. Dist *LEXIS 84011, 2007 WL 3232430 (N.D. Ohio Oct.31, 2007V HSBC Bank USA v. Ravford. 3:07-CV-428, 2007 U.S. Dist.LEXIS 82625 (S.D.Ohio., Nov. 21, 2007): HSBC BankUSA. N.A. v. Valentin. 15968/07.2008 NY slip Op 50164U: 14 Misc.3d 1123A: 2008 N.Y. Misc. LEXIS 229.*

295.    The court stated in In re Foreclosure cases, supra that "In each of the above captioned complaints, the named Plaintiff alleges it is the holder and owner of the Note and Mortgage.

296.    However, the attached Note and Mortgage identify the mortgagee and Promisee as the original lending institution- one other than the named Plaintiff.

297.    The fraudulent foreclosure complaints, fraudulent and fictitious assignments, fraudulent affidavits and other false court filings are part of Defendants ALA' s foreclosure mill practice, which upon information and belief, is a conspiracy between the defendants to unlawfully extract money and property from Plaintiff and thousands of other homeowners throughout the State of Illinois.

298.    Defendants ALA and ATGLS knew they filed false and fraudulent documents with the court and county clerk to foreclose on Plaintiffs property.

299.    Defendants John and Jane Does 1-50 knew that the Court had no jurisdiction to issue the compliant number 2015-CH-12248, to file stamp and received any Documents from Defendant ALA or ATGLS.

300.    Defendants participated in a scheme to file fraudulent foreclosure documents against Plaintiff to extract money and property from her knowing that the alleged mortgage debt was not in a legal proceeding.   Thereby knowing that the court could not lawfully foreclose.

301.    Defendants knew that the fraudulent filing and assignments which they created did not confer standing which enabled them to lawfully invoke the jurisdiction of the court.

302.    Upon information and belief, at all relevant times, Defendants Lindberg, Anselmo and Oliver acting by themselves or through or with the other persons, associations and /or companies, have formulated, directed, controlled, or participated in the acts or practices of Defendants ALA, ATGLS, Cook County  and all other Defendants named herein as set forth in this complaint, including developing, producing, creating and disseminating to Plaintiff  and the state court false, fraudulent and deliberately deceitful (a) collection letters regarding impending foreclosures, (b) Lis Pendencies, (c) Summons and Complaints for foreclosure, (d) false assignments, Service of Process,  Affidavits and other legal documents filed with the courts and clerks in the state of Illinois.

303.    Upon information and belief, Defendant, PNC by themselves or through or with others persons, associations and/or companies, have formulated, directed, controlled, or participated in the acts or practices of Defendants ALA and all other Defendants named herein as set forth in this complaint, including developing, producing, creating and disseminating to Plaintiff intentionally false, fraudulent and deliberately deceitful (a) collection letters regarding impending foreclosures, (b) Lis Pendencies, (c) Summons and Complaints for foreclosure (d) false Assignments (e) Reinstatement letters and other legal documents filed with the courts and clerks in the state of Illinois

304.    Defendants, including the licensed attorneys, have abused the judicial process by filing false documents in the courts and with the county clerks.

305. Upon information and belief, from on or about August 3, 2015 to date, Defendants engaged in a pattern and practice being a scheme to prey upon Plaintiff and other homeowners of the State of Illinois, the Illinois Judiciary and the County Clerks' by filing fraudulent foreclosure complaints, Lis Pendens, among other legal documents to complete the scheme, including collection letters to take Plaintiff's home, property, and money from her by using the federal wires and mail when they e-mail the fraudulent documents to the judiciary and clerks.

306. By entering into their scheme of filing unlawful foreclosures, Defendant's ALA, ATGLS were and are able to secure a reliable source of income wherein Defendants ALA and ATGLS received, legal fees and other costs. Defendants also Cook County, PNC and ATG also profits from the foreclosed properties by getting loans paid off based on their involvement with the fraudulent assignments, letters and foreclosure filings to take Plaintiffs home away and auction or sell it.

307. The Judicial sales corporation is a subsidiary of ATG which conducts a significant amount of foreclosure auctions in the state of Illinois.

308. To further their scheme, defendants used the federal wires and mail to send false collection and payoff letters to Plaintiff on behalf of Defendant PNC who had no right to collect.

309. On information and belief, the mails were used to send their false fraudulent payoff and other letters and court filings to Plaintiff, banks, title companies, attorneys, judges, and court clerks regarding their false foreclosure filings.

310. Defendants ALA, PNC and ATGLS use wire transfers of monies they collect, received from their illegal collection of mortgage payments and foreclosures.

311. At all times relevant herein, Defendants knew it was unlawful, unethical and improper to deceive the public and the judiciary and that the conduct could lead to referral to a disciplinary committee and a risk of revocation or suspension of one or more of the conspiring Defendants' licenses to practice law and banking licenses of Defendant PNC.

**Eleventh claim of Relief**
**(Racketeer Influenced and Corrupt organizations Act 18 U.S.C. § 1962 (a)): Count 2**

318. This conduct constitutes predicate acts of racketeering activity within the meaning of U.S.C § 1961 (1). All such instances were related in their common objective, or repeated on multiple occasions and are capable of further repetition, as a result of which they constitute a pattern of racketeering activity.

319. Defendants and their respective agents have used or invested income derived from the collection of unlawful debt and from this pattern of racketeering activity in the enterprise in violation of 18 U.S.C § 1962 (a), including use of the proceeds of their racketeering activity to further their schemes. Plaintiff has suffered and continues to suffer injury and financial damage to her property by reason of Defendants' use or investment of income derived from the collection of unlawful debt and their pattern of racketeering and the enterprise, which used or invested enables the enterprise to continue its operations, and paid for Defendants' perpetuation of their fraudulent activities, as a result of which Plaintiff has been deceived into believing that she was in foreclosure when the foreclosure documents were and are unlawful and Plaintiff was deceived into making mortgage payments to an entity which was not lawfully entitled to such payments.

**Eleventh claim of Relief**
**(Racketeer Influenced and Corrupt organizations Act 18 U.S.C. § 1962 (a)): Count 3**

320. Plaintiff repeats, re-alleges and incorporates by reference the above factual allegations. Defendants have conspired to use or invest income derived from a pattern of racketeering activity along with each other, all in violation of 18 USC § 1962 (d).

321. Plaintiff has suffered injury and financial damage to her property by reason of Defendant's conspiracy.

**Eleventh claim of Relief**
**(Racketeer Influenced and Corrupt organizations Act 18 U.S.C. § 1962 (a)): Count 4**

322. Plaintiff repeats, re-alleges and incorporates by reference all of the above allegations.

**Eleventh claim of Relief**
**(Racketeer Influenced and Corrupt organizations Act 18 U.S.C. § 1962 (a)):  Count 1**

312.   Plaintiff repeats, re-alleges and incorporates by reference the above factual allegations.  Plaintiff is a "person" within the meaning of 18 USC §§1961 (3) and 1964.  Defendants are "persons" within the meaning of 18 USC § 1961(3).

313.   At all times relevant, Defendants Lindberg, Anselmo and Oliver were/are the leaders, managers, organizers and controllers who influence the enterprise consisting of all other Defendants.

314.   Defendants follow the directions of Defendants Lindberg,  Anselmo and Oliver to file fraudulent foreclosures, false assignments, false letters and other false documents with the courts, county clerks to promote their scheme to defraud the public, Plaintiff, and the judiciary to fictionalize foreclosures in the name of parties without jurisdiction, and to collect unlawful debts.

315.   With respect to Plaintiffs' claims under 18 U.S.C § 1962 (a) Defendants together constitute an "enterprise" as that term is defined in 18 U.S.C § 1961 (4). Through which Defendants, were and are engaged in interstate or foreign commerce and the activities of which affect interstate or foreign commerce.

316.   To Date the acts which are ongoing have lasted a substantial period of time and are pervasive as Defendants intend them to last indefinitely and to continue to victimize Plaintiff and on information and belief, thousands of other Illinois homeowners, attorneys and the judiciary by perpetuating their frauds and deceptions for profit.

317.   Defendants acting individually and/or by and through their officers and directors, engaged in a fraudulent scheme and common plan which included using or causing the interstate wires to transfer and obtain funds from fraudulent and unlawful collection activities and fraudulent foreclosures and by so doing they engage in multiple commissions of wire fraud involving the same and/or similar representations violating 18 U.S.C. §§ 1341 and 1341, and1343, and 15 U.S.C. §§ 45 and 52.

323.    The association in fact of the Defendants is an enterprise engaged in, and whose activities affect, foreign and interstate commerce within the meaning of 18 U.S.C §§ 1961(4) and 1962. The enterprise exists separate and apart from the pattern of racketeering alleged.

324.    Defendants conducted or participated, directly and/or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C § 1962(c).

325.    The conspiracy was agreed upon between Defendants wherein Defendant ALA perpetuated the fraudulent, false and deceitful foreclosure filings for years.

326.    The other named Defendants agreed to the conspiracy of the fraudulent foreclosure filings scheme and the collection of unlawful debt by using their computers, phones and wires to distribute to Plaintiff and the judiciary the false, fraudulent and deceitful foreclosure filings and false county clerk recordings and other documents including false assignments.

327.    Plaintiff has sustained injury and financial damage to her property as a direct and proximate result of the acts of Defendants and the enterprise through the pattern of racketeering and collection of unlawful debt.

### (Wire Fraud) Violation of 18 USC §. 1343 Count Five

328.    Plaintiff repeats, re-alleges and incorporates by reference the above factual allegations. Defendants' accomplished and completed their fraudulent scheme to defraud Plaintiff, the public and judiciary by using the wires via e-mail, the web and faxing their fraudulent foreclosure documents, false affidavits and related letters in violation of wherein the transmissions were made in and left the State of Illinois between all named Defendants and to the public, Plaintiff, the judiciary, courts, and other persons who filed the fraudulent foreclosure documents as **EXHIBIT 18.**

### Twelfth Claim of Relief
### Violation Of 42 U.S.C. Code § 1986
### Action For Neglect To Prevent All Defendants

329.    By Defendants PNC, ALA, ATG's supervisory authority, ATGLS's filings of fraudulent papers with the state court, the processing of these fraudulent documents by the employees of Cook County

and the issuance of a court file number, PNC's continued refusal to remove the unlawful fees and fines.

330.    Defendant Toller and agent for Defendant PNC states in its response to Plaintiff numerous complaints with the CFPB the last one being 11-30-17.

331.    Plaintiff request to have the fees and charges waived were on again denied. Plaintiff was further told to contact Defendant ALA if I any further questions to contact Defendant ALA, as **EXHIBIT 19.**

332.    Defendant PNC and Defendant Toller both acknowledge receipt of exhibits that shows actual fraud yet Defendant PNC in a letter to Plaintiff dated 1-9-18 as follows:

    a)    That a copy of the "Judgment" was enclosed in the packet that was sent to Plaintiff on the foregoing date.

333.    No judgment has been issued granting any money judgment to Defendant PNC This letter further shows proof on Defendant's continued violation of 42 U.S. Code § 1986 Action for Neglect to Prevent.

334.    Defendant Schneider's acknowledgement of Plaintiff's motions and affidavit, also in addition to the ALA's electronic filing with the state court on 12-5-17 of a reply entitled, *Defendant's Reply in support of its §2-619.1 Combined Motion to Dismiss Plaintiff's 3rd Amended Complaint and for Summary Judgment* constitutes knowledge of wrongs conspired to be done, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.

335.    That all Defendants were the agents, employees, and/or co-conspirators of the other Defendants, and each of them were acting within the course and scope of their agency, employment, and/or concert of action, and are vicariously liable, jointly and severally, for the actions, inactions, and/or omissions of themselves and of the other Defendants.

336.    Accordingly, it is actionable under and may be redressed by 42 U.S.C. §1986.

### Thirteenth Claim for Relief
### Destruction of Quality of Life

337.    Plaintiff repeats and re-alleges all preceding paragraphs by reference, as if stated fully herein.

338.    As a result of defendants' deliberate and predicate acts, plaintiff lost the quality of life that she had previously enjoyed.

### Fourteenth Claim of Relief
### Violation of the Fair Debt Collection Practices Act §1692b Defendant ALA

339.    Beginning on August 14, 2015 and continuing to the present time, Defendant, through its employees and agents, has engaged in the following acts and practices, all in violation of the Federal Fair Debt Collection Practices Act, 15 ULS.CA. §§1692a to 1692j.

340.    Under § 1692b of the FDCPA a debt collector may not communicated with person when inquiring about location information more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

341.    They communicated with the Plaintiff's former employer more than once, without having been requested to do by plaintiff's former employer and without having any reasonable legal basis for doing so as a fraudulent service of process was submitted to the court. Further they attempted to serve Plaintiff at Plaintiff's previous employer before and were informed never to come back and they came back.

342.    By contacting Plaintiff's former employer, friends and neighbors without legal authority to do so. ALA through its agent ALALS falsely represented that it had a legal right to obtain location information when in truth it knew it did not.

343.    ALA's actions render it liable to the Plaintiff for statutory damages, actual damages, cost and attorney's fees. 15. U. S.C. §1692k.

**Fifteenth Claim of Relief**
**Violation of the Fair Debt Collection Practices Act §1692c Defendant ALA**

344.    In violation of 15 U.S.C.A. §1692c(a), Defendant through its employees (a) communicated with Plaintiff at unusual times such as before 8:00AM and as early as 5:30a.m. and after 9:00p.m.; (b) communicated with Plaintiff at times and places which Defendant knew or should have known would be inconvenient to Plaintiff(c) continued to communicate with Plaintiffs' former employer after knowing or having reason to know that Plaintiff's employer prohibited Plaintiff from receiving such communications.

345.    In violation of 15 U.S.C.A. §1692c(c), Defendant through its employees continued to communicate with Plaintiff after Plaintiff notified Defendant in writing that the Plaintiff refuses to pay the debt.

346.    Defendant's continued communications were not limited to advising Plaintiff that Defendant's further efforts were being terminated, or that Defendant or the alleged creditors might invoke or intended to invoke any specified remedy or remedies.

347.    In the course of seeking, location information concerning Plaintiff from third parties, Defendant solicited information about Plaintiff other than location information, in violation of 15 U.S.C.A §1692c(b).

348.    Plaintiff's home was published in various newspapers as being in a foreclosure.

349.    That the acts of the individual, Scott Pryor as an agent employed by Defendant, who communicated with individuals in reference to Plaintiff's debt and who went to Plaintiff's home on the following dates, 12-08-2015 12-10-2015, 12-12-2015, 12-14-2015-12-17-2015, 12-19-2015, 12-21-2015, 12-23-2015, 12-26-2015, 12-28-2015, 12-29-2015, 12-30-2015 were committed within the time and space limits of the agency relationship with his principal, Defendants PNC and ALA.

350.    ATGLS falsely represented that it was exempt as a Special Process Server from being called an agent of debt collector for ALA, when in truth it knew only Special Process Servers who have a legal right to serve someone are exempt.

351.    ALA's actions render it liable to the Plaintiff for statutory damages, actual damages, cost and attorney's fees. 15. US.C. §1692k.

**Sixteenth Claim of Relief**
**Violation § 1692e of the FDCPA Defendant ALA**

352.    Under § 1692e of the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Furthermore the following sections expressly prohibits a debt collector from misrepresenting the following:

353.    The false representation that the 15 U.S.C. §1692e(2)(A): the character, amount, or legal status of any debt; or

354.    The false representation that the 15 U.S.C. §1692e(2)(B): any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

355.    The false representation that the 15 U.S.C. §1692e(4): The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

356.    The false representation that the 15 U.S.C. §1692e(5): The threat to take any action that cannot legally be taken or that is not intended to be taken.

357.    The false representation that the 15 U.S.C. §1692e(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to :

    a.    15 U.S.C. §1692e(6)(A):  lose any claim or defense to payment of the debt; or

    b.    15 U.S.C. §1692e(6)(B): become subject to any practice prohibited by this subchapter.

358.    The false representation that the 15 U.S.C. §1692e(7): The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

359.    The false representation that the 15 U.S.C. §1692e(8): Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

360.    The defendant made these allegations when they reported to the 3 major credit bureaus that a foreclosure complaint had been filed with the Cook County Circuit Court.

361.    The false representation that the 15 U.S.C. §1692e(9): The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

362.    The false representation that the 15 U.S.C. §1692e (10): The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

363.    The false representation that the 15 U.S.C. §1692e(13): The false representation or implication that documents are legal process.

364.    The false representation that the 15 U.S.C. §1692e(15):  The false representation or implication that documents are not legal process forms or do not require action by the consumer.

365.    Defendant ALA fraudulently represented in its invoice of billing to Defendant PNC that it not only filed a legal foreclosure but it also filed a non-judicial foreclosure.  Power of Sale foreclosures are not permitted in Illinois.

366.    By misrepresenting the foregoing in subparagraphs a-n and deceiving Plaintiff that the alleged mortgaged debt was in legal proceedings, that the alleged debt was still subject to the jurisdiction of the state court and that ALA could legally obtain summary judgment and other relief against the Plaintiff in a lawsuit in which it submitted fraudulent documents to the court and did not follow the minimum requirements for service of process and for filing a complaint.

367.    The representations described above in section 1692 (e) were false when Defendant made them. Defendant knew they were false when they collected and continue to collect  attorney fees, legal fees, foreclosure costs, property inspection fees, filing fees, broker price opinions, predatory lending fees, and other charges and advances.

368. That the Plaintiff, in reasonable reliance on the false and fraudulent representations described above and believing them to be true did not ask the Court to dismiss and award judgment and cost when the Defendant's foreclosure complaint was allegedly "filed" on 8-14-15. The check for the filing fee for alleged forgoing is dated 8-13-15.

369. ALA's actions makes it liable to the Plaintiff for statutory damages, actual damages, cost and attorney's fees, 15 U.S.C. §1692k.

### Eighteenth Claim Of Relief
### Violation of USC §1692f Defendant ALA

370. Under 15 U.S.C.A. § 1692f, a debt collector violates the FDCPA when it attempts to collect a debt that is not authorized by law or an underlying agreement.

371. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

372. In attempting to collect Plaintiff's alleged debt to Defendant ALA used the following unfair and or unconscionable means, to violation of 15 U.SC.A. §1692f:

373. Defendant ALA caused and still continues to charge, attorney fees, legal fees, foreclosure costs, property inspection fees, filing fees, broker price opinions, predatory lending fees, and other charges and advances.

374. Defendant ALA falsely represented that the alleged mortgage foreclosure debt was in legal proceeding.

375. Defendant ALA falsely represent that it had a legal right to possession of the property claimed as collateral through an enforceable security interest;

    a. 6(B) Defendant ALA falsely represented that in intended to take possession of the property.

    b. 6(C) The Defendant ALA falsely represent that the property was not exempt by law from such dispossession or disablement.

376. That Defendant ALA knew it was in violation of the foregoing subsections when it attempted to

collect a debt that was not permitted by law.

377.    That the Defendant ALA knew these actions were not legal when it collected and continues to charge, attorney fees, attorney advancement, foreclosure fees, property inspection fees, court filing fees.

### Nineteenth Claim of Relief
### Violation of 1692g Defendant ALA

378.    In violation of 15 U.S.CA. §1692g, Defendant ALA, within five days after first communication with Plaintiff, failed to send Plaintiff a written notice stating the amount of the alleged debt owed containing the statements required by 15 U.S.CA. §1692g (a)(3), (4) and(5) concerning Plaintiff's rights to obtain the name and address of the original creditor, if different from the current creditor and to dispute the debt.

379.    In violation of 15 USC 1692g (b) Defendant ALA is attempting to collect a disputed debt as (**EXHIBIT 18**).

380.    Further, a description as to what these alleged fees were for was not listed on Plaintiff's monthly statement from Defendant PNC until after 11-16-17.

381.    The Defendant ALA represented that alleged mortgage loan debt was in legal proceedings in violation of 1692(g) (e) which states as follows:

>    d.    The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by title 26, title V of Gramm-Leach-Bliley Act [15 U.S.C. 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

382.    ALA FDCPA letter dated cannot be treated as an initial communication because the FDCPA letter and the payment for the alleged foreclosure complaint both have the same date of August 13, 2015 as **EXHIBIT 20.**

383. A copy of the check was allegedly filed with the state court on 12-5-17. The check is in the amount of $887.00 and on information and belief is signed by Defendant Lindberg.

384. That on information and belief Defendant ALA knows that Plaintiff cannot come up with this alleged owed mortgage debt of $11,086.18 which is due by 02-01-18.

385. Further Defendant ALA knows that this amount not proper and is being disputed. That on information and belief this fraudulent action is being used to file another 3rd alleged foreclosure.

386. That on information and belief the Defendant ALA knew jurisdiction was lacking, that is why they initiated and perpetuated fraudulent process.

387. That the Defendant ALA made these statements and engaged in these actions in an effort to deceive the Plaintiff.

388. ALA actions render is liable to the Plaintiff for statutory damages, actual damages under §1692k.

### Twentieth Claim Of Relief
### Violation of USC §1692h

389. That USC §1692h Multiple debts states as follows:

*If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.*

390. That the Defendant has applied payments that Plaintiff have made to debts that are disputed in violation of §1692h.

391. That by applying the payments that Plaintiff made to the disputed amounts the Defendant fraudulently represented that it had a legal right to do so.

392. ALA's actions makes it liable to the Plaintiff for statutory damages, actual damages, cost and attorney's fees, 15 U.S.C. §1692k.

**Twenty-First Claim of Relief**
**U.S.C. §1692j Defendant ALA**

393.    That under §1692j (a) of the FDCPA: It is unlawful to design, compile, and furnish any form

knowing that such form would be used to create the false belief in a consumer that a person other than

the creditor of such consumer is participating in the collection of or in an attempt to collect a debt

such consumer allegedly owes such creditor, when in fact such person is not so participating.

394.    The Defendant ALA represented that documents it submitted to Plaintiff , the court, Plaintiff's

Alderman, the newspaper, data collecting agencies, was an alleged mortgage foreclosure debt  that

was in legal proceedings, the alleged debt was subject to jurisdiction of the court and that ALA could

legally obtain summary judgment and other relief against the Plaintiff in the fraudulently filed alleged

lawsuit.  Accordingly, ALA violated § 1692j (a) of the FDCPA.

395.    ALA's actions render it liable to the Plaintiff for statutory damages, actual damages, cost and

attorney's fees. 15 .U.S.C. §1692k.

**Twenty-Second Claim of Relief**
**Violation of 815 ILCS 510/2 Defendant ALA and PNC**

396.    That under the 815 ILCS 510/2  of the Consumer Fraud and Deceptive Business Practices Act

provides: Unfair methods of competition and unfair or deceptive acts or practices, including but not

limited to use of employment of any deception, fraud, false pretense, false promise, misrepresentation

or the suppression, concealment or omission of such material fact, or the use or employment of any

practice described in 815 ILCS 510/2, in the conduct of any trade or commerce are hereby declared

unlawful.

397.    That the Defendants ALA and PNC falsely represented that it not only began a legal foreclosure

proceeding but continues to represent this fact.

398.    Defendant PNC has gained a substantial benefit from the property inspection fees that Plaintiff

paid and/or was charged and had debited from her escrow accounts.

399.    These payments and debits were accepted and retained by Defendant PNC under

circumstances such that it would be inequitable for Defendant PNC to retain the benefit

without payment to Plaintiff insofar as, among other things, Defendant PNC overcharged captive buyer (Plaintiff) for property inspections that were not permitted or called for by Plaintiff's mortgage, Lenders or applicable laws or regulations.

400.    Defendant PNC charged fees that should have been waived when the HHF payment was made. These fees were not permitted or called for by Plaintiff's mortgage, Lenders or applicable laws or regulations.

401.    Defendant PNC retained a portion of the fees assessed on Plaintiff even though Defendant PNC did not provide a service that warranted the payments.

402.    As a result of Defendant's PNC and ALA's unjust enrichment, Plaintiff has sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of Defendant's PNC and ALA's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful and wrongful conduct alleged herein.

403.    Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

404.    Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

### Twenty-Third Claim of Relief
### Violation of (815 ILCS 205/6) Defendants PNC

405.    Plaintiff suing under the Illinois Consumer Fraud Act need not allege all elements of fraudulent misrepresentation, because the Act prohibits any deception or false promise or omission of material fact.

406.    That the Defendant PNC knowingly charged the Plaintiff interest, attorney fees, attorney advancement fees, property inspection fees, court fees and foreclosure fees.

407.    That the Defendant PNC knew that these fees were not proper when the Defendant charged and continues to charge them.

408.    That the Defendant PNC intended for the Plaintiff to rely on allegations that these fees were proper.

409.    That the deception occurred in the course of conduct trade or commerce.

410. That the Defendant PNC's concealment was a substantial factor in causing the Plaintiff's harm.

    c. The Defendant PNC each separately and individually violated (815 ILCS 505/2S) (6), by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

    d. The Defendants PNC each separately and individually violated (815 ILCS 505/2S) (9), by claiming, attempting, or threatening to enforce a debt when they each knew or had reason to know that the debt was not legitimate.

411. Defendant PNC stated in writing in a letter dated 1-9-18 that a judgment had been rendered, as previously pled in paragraph 261 of this complaint.

412. Wherefore, because of the alleged violations for the foregoing Plaintiff was injured and is entitled to receive twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, (which is in excess of $555,176.00 ) whichever is greater, plus such reasonable court costs as may be assessed by a court against the Lender as redressed in (815 ILCS 505/2S).

### Twenty-Fourth Claim of Relief
### Violation of (815 ILCS 505/2S) Defendant PNC and ALA

413. That (815 ILCS 505/2S) (from Ch. 121 1/2, par. 262S) states as follows:

414. ALA and PNC violated (815 ILCS 505/2S), by telling the Plaintiff that they had disclosed to the credit reporting agencies information affecting the plaintiff's reputation for credit worthiness without also informing the plaintiff that the existence of the dispute would also be disclosed.

415. ALA violated (815 ILCS 505/2S), by disclosing to Equifax, Experian and TransUnion information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

416. The Defendants ALA and PNC, violated (815 ILCS 505/2S), by disclosing to information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

417. ALA and PNC failed to enact reasonable rules, policies, procedures, or training to prevent their

agents and employees from carrying out such destructive and deleterious actions.

418.    The Defendants ALA and PNC each separately and individually violated (815 ILCS 505/2S) by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

419.    The Defendants each separately and individually violated (815 ILCS 505/2S) by claiming, attempting, or threatening to enforce a debt when they each knew or had reason to know that the debt was not legitimate.

420.    ALA and PNC's actions render it liable to Plaintiff for statutory damages and attorney's fees under (815 ILCS 505/2S).

### Twenty-Fifth Claim of Relief
### Breach of an Implied Covenant of Good Faith and Fair Dealing against Defendant PNC

421.    Plaintiff Complied with all conditions precedent

422.    Defendant is obligated by contract and common law to act in good faith and to deal fairly with each borrower.

423.    These actions constitute bad faith by the Defendant.

424.    That as a direct and proximate result of these failures to act in good faith and the absence of fair dealing, Defendant caused Plaintiffs harm by:

    a.    failing to perform loan servicing functions consistent with its responsibilities to Plaintiffs;

    b.    failing to properly supervise its agents and employees including, without limitation, its loss mitigation and collection personnel and its foreclosure attorneys;

    c.    routinely demanded information it already had in its files;

    d.    making inaccurate statements as to what documents are needed to loss mitigation application

    e.    failing to follow through on written and implied promises;

    f.    failing to follow through on contractual obligations;

**Twenty-Sixth Claim of Relief**
**Violation of the Dodd Frank Act**

425.    That on or about August 4, 2015 Defendant was offered a TPP Agreement by Defendant PNC.

426.    That Defendant was given until August 18, 2015 to accept the offer.

427.    That Defendant accepted and executed the offer and sent in the first trial payment on August 17, 2015.

428.    As described above, the TPP Agreement sent by Defendant to Counter Plaintiff constitutes a valid offer.

429.    By executing the TPP Agreement and returning it to Defendant along with the supporting documentation, Plaintiff accepted Defendant's offer.

430.    Alternatively, Plaintiff's return of the TPP Agreement constitutes an offer. Acceptance of this offer occurred when Defendant accepted Plaintiff's TPP payments.

431.    Plaintiff's TPP Agreement payments to Defendant constitute consideration.

432.    Plaintiff and Defendant thereby formed valid contracts.

433.    To the extent that the contracts were subject to a condition subsequent providing Defendant an opportunity to review the documentation submitted by Plaintiff when they returned the signed TPP Agreement, this condition was waived by Defendant and/or it is estopped to assert it as a defense to Plaintiff's claims.

434.    That as a condition precedent to initiating a foreclosure the following must be done per 12 CFR 1024.41 (f)(1)-(2):

       e.    "...Servicers must engage in a single track for considering foreclosure alternatives up to the 120th day of delinquency. The foreclosure process may not commence if the borrower and servicer are engaged in a good-faith effort to resolve the delinquency. Also, prior to referral for foreclosure, the servicer must perform a formal review of the case to confirm that the borrower has been considered for a foreclosure alternative. Even after

the foreclosure process has begun, servicers must continue to work with homeowners on foreclosure alternatives to ensure borrowers have additional opportunity to avoid foreclosure beyond the initial four-month period."

435. That as a direct and proximate cause of Defendant's failure to adhere to Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C.§5301 plaintiff is entitled to actual damages of an amount proven at trial.

### Twenty-Seventh Claim of Relief
### Unjust Enrichment - Against Defendants
### PNC, ALA, Cook County and ATGLS

436. That the elements of Unjust Enrichment requires the restitution Plaintiff to show that he/she is the source of Defendant's enrichment, either in the sense that he/she suffered a loss that corresponds to Defendants gain or in the sense that Defendant's gain was acquired by the violation of Plaintiff's rights.

437. That Cook County was unjustly enriched by: the charging and acceptance of filing fees from Defendant ALA, its willingness to participate in fraudulent actions and knowingly concealing the fraud.

438. That ALA participated in this unjust enrichment.

439. That ATGLAs was unjustly enriched though its fraudulent filings of the aforementioned fees and also through the billing and accepted payments of these fees.

440. That PNC was unjustly enriched by all of the alleged charged fees and the continued billing of these fees and its continued insistence that fees were/are legally obtained even thought there was physical evidence that showed otherwise.

441. ALGLS knowingly participated in the foregoing.

442. Defendants have engaged in a conspiracy for their financial gain by violating Plaintiff's rights.

443. The Defendant's forgoing actions render it liable to Plaintiff for actual damages and punitive damages.

**Twenty-Eight Claim of Relief**
**Unjust Enrichment – Against Defendant PNC**

444.    On March 30, 2015 Illinois Hardest Hit payment, ("HHF") which made Plaintiff current. Plaintiff incorporates (Exhibit 12, pg. 5) found in Rule 216 Plaintiff's First Set Of Request For Admission Of Fact Or Of Genuineness Of Documents with the same effect as if used in its entirety in this paragraph.

445.    That after the HHF payment was made Plaintiff was charged the following fees listed below. These fees were incurred prior to the HHF payment, but charged a few days or weeks after the HHF payment. Counter- Plaintiff incorporates (Exhibit 13, pg. 5) found in Rule 216 Plaintiff's First Set Of Request For Admission Of Fact Or Of Genuineness Of Documents with the same effect as if used in its entirety in this paragraph. Also as EXHIBIT 7

    a.    3,008.00; incurred 8/13/14, charged 4/2/15

    b.    250; incurred 8/13/14, charged 4/24/15

    c.    Property inspection 204.00 Incurred 12/2/13 - 3-30-15 charged 4-2/15

446.    The forgoing fees were considered part of the current default cycle when the March 30, 2015 payment was made by HHF.

447.    In a letter to the HHF Defendant Cottrell. "The HHF program only allows the servicer to include the fees for the current default cycle." Counter- Plaintiff incorporates (Exhibit 12, pg. 5) found in Rule 216 Plaintiff's First Set Of Request For Admission Of Fact Or Of Genuineness Of Documents with the same effect as if used in its entirety in this paragraph.

448.    That the HHF payment letter states in part, "…Your servicer notifies HHF of any payment changes or past due amounts if you receive a past due notice 45 days AFTER an HHF payment…" and that the statement should be emailed or faxed to HHF. Counter- Plaintiff incorporates (Exhibit 12, pg. 5) found in Rule 216 Plaintiff's First Set Of Request For Admission Of Fact Or Of Genuineness Of Documents with the same effect as if used in its entirety in this paragraph.

449.   That Defendant never notified Plaintiff for the HHF that these fees were being added on in violation of the paragraph 15 of the Mortgage. Plaintiff incorporates (Exhibit 1, pg. 10, paragraph 15) found in Defendant's 2-619.1 Combined Motion To Strike And Dismiss Plaintiff's 1st amended Complaint with the same effect as if used in its entirety in this paragraph.

450.   Plaintiff did not become aware of these fees until after the loan modification contract has been signed and the 1st Amended complaint had been filed.

451.   On every crucial juncture, when the onus was upon Defendant to correct its wrongful action of adding on fees that Defendant should have been waived once the (HHF) was made. Defendant instead made false and misleading statements in an effort to maximize its corporate profits, knowing that its actions were wrong.

452.   When confronted with the illegal addition of fees that should have been waived. Rather than correct errors to be fair to Plaintiff.  Defendant willfully concealed what it knew to be true, issued false statements, baselessly attempting to blame Plaintiff who was wholly free of fault.

453.   In a letter dated 12-15-15  PNC as represented by  Defendant Toller stated verbatim as follows in response to Plaintiff complaint to the CFPB:

454.   *"Pursuant to paragraph 14 of your mortgage (copy enclosed) the lender may charge fees for services performed in connection with borrower's default which includes, but is not limited to, late fees, attorney's fees, property inspection and valuation fees. The foreclosure fees have been assessed as the result of work or services performed; therefore, the fees will not be removed or waived"*

455.   That these fees were paid by Defendant.

456.   As a result of Defendant's fraud and concealment of material facts, PNC deprived Plaintiff of her rights to be informed, thereby causing Plaintiff's injury.

**Twenty-Ninth Claim of Relief**
**Unjust Enrichment – Against Defendant PNC**

457. Pursuant to Plaintiff' mortgage contracts, in the event the Loan Servicer or Lender acted to protect the property, the Loan Servicer and/or Lender were obligated to do so only in a manner that was "reasonable and appropriate."

458. Plaintiff' mortgage loans are serviced by Defendant PNC.

459. As the alleged servicer Defendant PNC acquired and/or retains certain contractual rights and obligations including compliance with the terms of Paragraphs 7 and 9.

460. Defendant PNC ordered numerous drive-by property inspections at a rate in excess of once every 30 days and, in some cases, in twice monthly.

461. Defendant PNC assessed charges to Plaintiff for each of these inspections.

462. Plaintiff's property was neither, abandoned or tenant occupied during both foreclosures proceedings. Prospective resolutions were made in both cases, before the inspections should have commenced.

463. A bi-monthly property inspection is only required if the property is abandoned further the property has to be in proper legal proceedings.

464. Plaintiff was charged property inspection fees on: : 12-02-13, to 12-30-13, 01-29-14, 03-03-14; 04-02-14, 05-01-14, 06-02-14, 07-02-14, 08-01-14, 09-02-14, 09-29-14, 10-29-14-11-28-14, 12-29-14, 01-28-15, 03-02-15, 03-30-15.

465. Plaintiff was charged property inspection fees on: 05-26-15, 06-24-15, 07-28-15, 08-26-15, 09-28-15, 10-28-15, 12-03-15, 12-29-15, 02-02-16, 03-02-16, 03-30-16.

466. That property inspection fees even took place after a loan contract was signed.

467. The frequency of these inspections was excessive and neither reasonable nor appropriate. Further exacerbating the unreasonableness of the inspections, PNC knew that Plaintiff inhabited her home which secured the mortgage.

468.    PNC breached Plaintiff' mortgage by charging Plaintiff for property inspections that Plaintiff was not required to pay for by the terms of her mortgage.

469.    Moreover, every contract contains an implied covenant of good faith and fair dealing.

470.    The mortgage contract of the Plaintiff contained an implied covenant of good faith and fair dealing, pursuant to which PNC was bound to exercise the discretion afforded them under the mortgage contract in good faith and to deal fairly with Plaintiff in that regard. PNC was not allowed to evade the spirit of the mortgage contract by exercising discretion afforded them under the mortgage to order property inspections and charges in an abusive manner.

471.    Any discretionary authority granted to PNC under the terms of the mortgage contracts was subject to PNC's implied duty of good faith and fair dealing. Accordingly, to the extent that the mortgage contracts of Plaintiff permitted PNC to order property inspections and charge the cost of those inspections to the borrowers, PNC was obligated not to exercise that discretion in bad faith for their own financial gain at borrowers' expense.

472.    Plaintiff later learned through Discovery in the state court that some of the illegal fees date back to 12-02-13 and there could be more that Plaintiff is not aware of.

473.    Plaintiff had no knowledge that these fees which began on 12-02-2013 and continued until 3-30-16 were being charged illegally. However, she did question it when she received a bill stating he owed 30.00 in property inspection fees on or about April of 2016 after a loan modification agreement had been signed.

474.    Plaintiff made several complaints about $30.00 in fees. Plaintiff eventually paid after asking for Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

475.    Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

476.    them to be removed for over 8 months as Defendant PNC refused to remove the fees.

477.    As the direct, proximate and legal result of these breaches of the express terms of the contract and the implied covenant of good faith and fair dealing, Plaintiff has suffered damages and is entitled to the relief sought herein for such breaches.

**Thirtieth Claim of Relief**
**Unjust Enrichment – Against Defendant PNC**

478.   That on or about June, 2015 Plaintiff was advised by her NHS counselor that Plaintiff had to go
through Freddie Mac to appeal the valuation price of Plaintiff's home.

479.   That Defendant PNC had knowledge of this appeal as they were the ones who informed Plaintiff
through Plaintiff's housing counselor of the appeal process.

480.   That the valuation of the property should have been $218,000 Two Hundred Eighteen Thousand
Dollars and Zero Cents or less, instead of the $360,184 used by the Defendant PNC.

481.   Plaintiff provided proof that the value was far below $360,184.000.

482.   The Defendant PNC had knowledge or should have had knowledge that Freddie Mac uses a
quality control tool, called Home Value Calibrator © (Calibrator).

483.   That this quality control tool, "… measures the risk that an appraisal, or other estimate of
property value, exceeds the market value by at least 10 percent"

484.   That scores below 400 found that there was a50% likelihood that the original appraisal values
were inflated by more than 10 percent. Plaintiff incorporates (Exhibit 10, pg. 5) found in Rule 216
Plaintiff's First Set Of Request For Admission Of Fact Or Of Genuineness Of Documents  with the
same effect as if used in its entirety in this paragraph.

485.   Home Value Calibrator® (Calibrator) a quality control tool, indicates whether the purchase price,
estimate of value, or appraisal value might be inflated. Lower scores indicate a higher risk.
Automated Valuation Models (AVM(s))  calibrator scores between; 300-400 were  inflated by over
approximately 45%, 401-500 were  inflated by approximately 30%, 501-600 were  inflated by over
approximately 25% , 601-700  were inflated by approximately 11%, 701-800 were inflated by over
approximately 4%  and 801-900 were  inflated by over approximately 2.5%. Plaintiff incorporates
(Exhibit 10, pg. 5) found in Rule 216 Plaintiff's First Set Of Request For Admission Of Fact Or Of
Genuineness Of Documents  with the same effect as if used in its entirety in this paragraph.

486. That Defendant is required to use the Freddie Mac automatic valuation, UNLESS A VALID EXCEPTION IS MADE and that the Auto Value gave an opinionated price value of $360,184,000, (UNDER "IMPORTANT"), Plaintiff incorporates (Exhibit 11, pg. 5) found in Rule 216 Plaintiff's First Set Of Request For Admission Of Fact Or Of Genuineness Of Documents with the same effect as if used in its entirety in this paragraph. That Plaintiff alleges that a reasonable person would infer that an inflated value based on an opinion and not an actual value would be a valid exception.

487. That the Valuation used by PNC, NA resulted in an alleged inflated value of 65%.

    a. $360,184.00 - 218,450.00 = 218,450.00 = 0.648 * 100 =$ (rounded off = 65%)

488. That during the pendency of the property value appeal and while a good faith effort as being made to resolve the delinquency. Defendant PNC continued the alleged foreclosure proceedings. (Exhibit 6, pg. 4) found in Rule 216 Plaintiff's First Set of Request For Admission of Fact of Genuineness of Documents.

489. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

490. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

### Thirty-First claim of Relief
### Slander of Title against PNC and ALA

491. The Defendants Cook County, PNC and ALA have caused to be recorded various documents including a Lis Pendes which has impaired the Consumers' title which constitutes slander of title and the Consumers should be awarded resulting damages to be fully proved at the time of trial.

### Thirty-Second Claim of Relief
### Slander of Credit

492. The Consumers allege that the actions and inactions of the Defendants ALA and PNC have impaired their credit causing them to lose the ability to have good credit entitling them to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

### Thirty-Third
### Claim VI Violation of Fair Housing Act and 42 U.S.C §§ 1981-1982
### Against PNC

493. The Defendant's PNC loan and terms is unfair and predatory

494. The Defendant PNC has engaged in two alleged foreclosure proceedings

495. That on information and belief that Defendant will attempt a 3rd foreclosure proceeding due to their continued charging of unlawful fees and interest.

496. The charging of excess fees and repeated foreclosures are deemed as predatory lending

497. That these excess charges are being targeted to Plaintiff based on Plaintiff's race and ethnicity and have led to a financial disaster.

498. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

499. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

### Thirty-Fourth Claim of Relief
### Willful and Wanton Misconduct

500. The Plaintiff states as follows on information and belief:

501. Punitive or exemplary damages may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.

502. That whether the defendant's conduct was sufficiently willful and wanton to justify the imposition of punitive damages is a question of fact for the jury to decide.

503. At the dates alleged above, Defendants showed reckless disregard for its fiduciary duty to the Plaintiff by committing one or more of the following acts:

504. Plaintiff repeats and re-alleges the facts contained the foregoing paragraphs

505. Despite the fact that the Defendants had actual knowledge that a foreclosure complaint was not in legal process. The Defendants continues perpetrate this fraud.

506. Based upon the above conduct by the Defendants and the resulting injury suffered by the Plaintiff there is a reasonable likelihood that a jury would find the Defendants, acted willfully, wantonly and in reckless disregard and/or indifference to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court enter judgment against the Defendants as follows:

507. General damages in an amount to be proven at trial as to each and every claim herein;

508. Exemplary and/or punitive damages in an amount to be proven at trial as to each and every claim herein, save for the claims against Defendant Schneider; Prejudgment interest pursuant to law;

509. Plaintiff demands from defendants, damages, costs, and attorney fees, and whatever other relief is provided by a jury and the court;

510. Permanently enjoin the Defendants from engaging in the wrongful and unlawful conduct alleged herein;

511. Declaratory relief declaring Defendant's officers of court, conduct to be unconstitutional;

512. As to Claim One, 42 U.S.C. § 1983 Claim Of Actual Fraud against All Defendants an award of damages in an amount to be determine at trail, individually and collectively against all defendants and Declaratory relief against judicial officers of the court.

513. As to Claim Two, Second Claim of Relief 42 U.S.C. § 1983 against Cook County, an award of damages in an amount to be determine at trail, individually and collectively, against the Cook County Clerk of the Circuit Court.

514. As to Claim Three Violation 42 U.S.C. § 1983 Deprivation Of A Trial By Jury Against Defendant Schneider Declaratory relief declaring Defendant Schneider's conduct to be unconstitutional;

515. As to Claim Four Count I, Claim Of Retaliation For Exercise of First Amendment Protected Free Speech Activity Against Defendant Schneider and unknown judges of the court; Declaratory relief declaring Defendant Officers' conduct to be unconstitutional;

516.  As to Claim Four Count II, Suppression Of Public Documents In Violation Of Plaintiff's 1st Amendment Right and tampering with court records and providing false stamps on records, that an injunction be issued prohibiting Cook County and its employees from engaging in the foregoing activity. Further that a state court file number should only be issued in accordance to law.

517.  As to Claim Five, For Fraud upon the Court, an award of damages in an amount to be determine at trail individually and collectively, against all non-judicial Defendants.

518.  As to Claim Six, Intentional Infliction of Emotional Distress All Defendants, an award of damages in an amount to be determine at trail, individually and collectively against all non-judicial Defendants.

519.  As to Claim Seven, Defamation an award of damages in an amount to be determine at trail, individually and collectively against Defendants ALA, ATGLS and PNC.

520.  As to Claim Eight, Fraudulent Process individually and collectively, against Defendants ALA, ATGLS, PNC and Cook County Employees

521.  As to Claim Nine, Civil Conspiracy, an award of damages in an amount to be determine at trail individually and collectively against all non- judicial Defendants.

522.  As to Claim Ten, Violation of IV, IX and X Amendments, Invasion of Privacy, Perpetual Gang Surveillance, an award of damages in an amount to be determine at trail, an injunction to stop this surveillance, individually and collectively against Defendants, ALA, ATGLS, ATG and Cook County.

523.  As to Claim Eleven, Plaintiff requests that the aforesaid conduct of Defendants be adjudged and declared to be in violation of RICO, 18 U.S.C § 1961 et seq. and that judgment be entered for Plaintiff and against Defendants for threefold the amount of damages sustained by Plaintiff together with the cost of this action.

524.  As to Claim Twelve, Violation Of 42 U.S.C. Code § 1986 Action For Neglect To Prevent; an award of damages in an amount to be determine at trail , individually and collectively against all non-

judicial Defendants. Plaintiff requests Declaratory relief for the juridical Defendants and their conduct to be unconstitutional;

525.    As to Claim Thirteen, Destruction of Quality of Life individually and collectively against all non-an award of damages in an amount to be determine at trail judicial Defendants.

526.    As to Claim Fourteen to Twenty-One, judgment against ALA for:

      e.  Statutory damages.

      f.  Actual damages

      g.  Cost and Attorney's Fees' and

      h.  Any other relief deemed fair and just.

527.    As to Claim Twenty-Two Violation of 815 ILCS 510/2, judgment as listed in paragraph 449 a-d against Defendants ALA and PNC.

528.    As to Claim Twenty-Three, Violation of (815 ILCS 205/6), Defendants PNC, judgment in the amount of more than $555,176.00 from PNC, including the judgments of a-d listed in the foregoing paragraph for both PNC, ALA and ATGLS.

529.    As to Claim Twenty-Four, Violation of (815 ILCS 505/2S) judgment as listed in paragraph 459 a-d against Defendants ALA and PNC.

530.    As to Claim Twenty-Five, Breach of an Implied Covenant of Good Faith and Fair Dealing, an award of damages in an amount to be determine at trail against Defendant PNC.

531.    As to Claim Twenty-Six, Violation of the Dodd Frank Act, judgment in the amount of actual damages to be determined at trial by a jury against Defendant PNC.

532.    As to Claim Twenty-Seven Unjust Enrichment, judgment in the amount of actual damages to be determined at trial by a jury against Defendants PNC, ALA, Cook County and ATGLS.

533.    As to Claim Twenty-Eight Unjust Enrichment judgment in the amount of actual damages to be determined at trial by a jury Against Defendants PNC.

534.    As to Claim Twenty-Nine, Unjust Enrichment judgment in the amount of actual damages to be determined at trial by a jury against Defendants PNC.

535.    As to Claim Thirty, Unjust Enrichment judgment in the amount of actual damages to be determined at trial by a jury Against Defendants PNC.

536.    As to Claim Thirty-One, PNC Slander of Title, Judgment to be determined at trial by a jury against Defendants against PNC and ALA.

537.    As to Claim Thirty-Two, Slander of Title, Judgment to be determined at trial by a jury against Defendants against PNC and ALA.

538.    As to Claim Thirty-Three, Fair Housing Act and 42 U.S.C §§ 1981-1982, Judgment to be determined at trial by a jury against Defendant against PNC.

539.    As to Claim Thirty-Four, Willful and Wanton Misconduct, an award of damages in an amount to be determine at trail individually and collectively against all non-judicial Defendants.

540.    For preliminary and permanent injunctive relief, enjoining Defendants ALA other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt collection Practices Act, The Illinois Consumer Fraud and Deceptive Business Practices Act, and the Illinois Deceptive and Unfair Trade Practices Act.

   A.  For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

      1)  Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

## Statement of Verification

**State Of Illinois  )**

**County Of Cook  )**

Now comes, the Plaintiff, Michelle Parkinson and states under oath as follows:

1. That she is the Plaintiff in the above referenced matter.

2. That she is a resident of the state of Illinois, County of Cook.

3. That all documents that are being filed with this verified complaints are true and correct.

4. That I have personal knowledge of the above facts in this matter.

5. That I have read the above complaint and hereby verify that the matters alleged therein are true,

   except as to matters alleged on information and belief and as to those, I believe them to be true.  I

   certify under penalty of perjury that the foregoing is true and correct.

Executed at Chicago, Illinois on March 7, 2018

Michelle Parkinson

    Atty No.    Prose
    Name       Michelle Parkinson
    Atty. For:  Pro se
    Address    5646 W.  Eastwood
    City/State:  Chicago, IL 60630
    (217) 697-4861

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

MICHELLE PARKINSON )
)
       Plaintiff )    No.
)
PNC Bank, et al )
)
       Defendants )

## PLAINTIFF'S EXHIBIT LIST

| Exhibit No. | Exhibit Description |
|---|---|
| Exhibit 1 | First Page of Complaint of Foreclosure without Cook County Clerks File Stamp |
| Exhibit 2 | Receipt for Filing Fee of $887.00 |
| Exhibit 3 | Summons dated 8-14-15 and not issued by the Clerk |
| Exhibit 4 | Summons dated 8-14-15 and 9-8-15; filed stamped 9-9-2019 |
| Exhibit 5 | Duplicate Alias Summons Dated 12-8-15, filed stamped FILED 2016 JAN 14, PM 2:51 CHANCERY DIVISION |
| Exhibit 6 | Lis Pendes and Notice of Foreclosure unsigned Affidavit |
| Exhibit 7 | Susan Ward Affidavit of Mailing Notice of Foreclosure |
| Exhibit 8 | Pg. 1 - Motion for the Appointment of Special Process Server |
| | Pg. 2. - The Amended Order For Standing Order For The Appointment Of A Special Process Server For The Quarter Ending September 30, 2015 – Not signed by a Judge |
| Exhibit 9 | Scott Pryor Affidavit of Special Process Server filed stamped 9-9-2019 |
| Exhibit 10 | Defendant Dinunno Affidavit of Special Process Server filed stamped 9-9-2019 |
| Exhibit 11 | 12/31/15 Defendant Pryor signed affidavit of Special Process Server |
| Exhibit 12 | 1-6-16 Defendant Porter Affidavit of Special Process Server filed stamped 2016 JAN 14 2:51PM |
| Exhibit 13 | "Image not available" for entries dated 8-14-15 on the state's case activity system |
| Exhibit 14 | "Image not available" available for the date 12-14-17 for Defendant's Schneider Ruling |

| | |
|---|---|
| Exhibit 15 | Proof of Service signed by Defendant Patel, stamped 10-4-17 and 10-5-17 |
| Exhibit 16 | Metered Envelope from ATA date stamped of 10-4-17 |
| Exhibit 17 | Defendant's Reply in Support of its §2-619.1 Combined Motion to Strike and Dismiss Plaintiff's 3rd Amended Complaint and for Summary Judgment |
| Exhibit 18 | Statements from PNC billing Plaintiff for attorney, court, title search fees and other fees (disputed debts) |
| Exhibit 19 | PNC's Consumer Financial Protection Bureau ("CFPB") Response letter dated 12-14-17 |
| Exhibit 20 | PT (1) ALA FDCPA letter and PT (2) payment for the alleged foreclosure complaint are both dated the same August 13, 2015 |
| Exhibit 21 | Electronic Registration filled out by Defendant ALA |
| Exhibit 22 | Non-signed Order from Defendant Schneider dated 12-14-17 |

       i. Respectfully submitted,


Michelle Parkinson

| Name | Michelle Parkinson |
|---|---|
| Atty. For: | pro se |
| Address | 5646 W. Eastwood |
| City/State: | Chicago, IL 60630 |
| (217) 697-4861 | |

**EXHIBIT 1**

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
ROOM: 1501
PAGE 1 of 8
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

F15080002 PNC

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

PNC Bank, National Association      ]

    Plaintiff,      ]

     ]

vs.      ]

     ]

Michelle G. Parkinson; Unknown Owners and      ]
Non-Record Claimants      ]

     ]

    Defendants.      ]

2015CH12248
CALENDAR/ROOM 60
CASE NO.
Property Address: 5646 West Eastwood
Avenue, Chicago, Illinois 60630

## COMPLAINT TO FORECLOSE MORTGAGE
735 ILCS 5/15-1504(a)(1) through (3)

NOW COMES the Plaintiff, PNC Bank, National Association , by and through its attorney, ANSELMO LINDBERG OLIVER LLC and complains of the above Defendants as follows:

1.      Plaintiff files this Complaint to Foreclose the Mortgage hereinafter described and joins the following persons as Defendants:

     A.      Michelle G. Parkinson;

     B.      Plaintiff avers that in addition to persons designated by name herein, and the unknown defendants hereinbefore referred to there are other persons who are interested in this action and who have or claim some right, title, interest or lien in, to or upon the real estate sought to be foreclosed in this Complaint; that the name of each of such other person or persons is unknown to Plaintiff, and on diligent inquiry cannot be ascertained, and all such persons are hereby made parties Defendants to this proceeding by the name and description of UNKNOWN OWNERS and NON-RECORD CLAIMANTS.

2.      That attached hereto as Exhibit "A" and incorporated herein is a true copy of said Mortgage. That attached hereto as Exhibit "B" and incorporated herein is a true copy of the Note secured thereby.

3.      Information concerning said Mortgage attached as Exhibit "A":

     A.      Nature of the Instrument: Mortgage

     B.      Date of the Mortgage: October 26, 2011

     C.      Name of the Mortgagors: Michelle G. Parkinson

     D.      Name of the Original Mortgagee: Mortgage Electronic Registration Systems, Inc. as a nominee for Guaranteed Rate, Inc.

     E.      Date and place of recording of Mortgage: December 9, 2011 in the office of the Recorder of Deeds or Registrar of Titles

     F.      Identification of recording: 1134312009

     G.      Interest subject to the mortgage: Fee Simple

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
PAGE 2 of 8

H.     Amount of Original Indebtedness, including subsequent advances made under the mortgage: $262,300.00

I.     Legal Description and common address of Mortgaged Premises:

      (1)     Legal Description: SEE ATTACHED

      (2)     Common Address: 5646 West Eastwood Avenue, Chicago, Illinois 60630

      (3)     P.I.N.: 13-17-212-016-0000

J.     Statement as to mortgage loan default:
The mortgagor has failed to pay the monthly installments due under the note and the loan is due for the 04/01/2015 payment. There remains an outstanding principal balance of $246,692.69 plus interest, attorney's fees, foreclosure costs, late charges, advances and expenses incurred by the plaintiff due to the mortgagor's failure to make payments. Interest accrues at $30.41 per day.

K.     Name of present owners of said premises: Michelle G. Parkinson

L.     Names of other persons who are joined as Defendants and whose interest in or lien on the mortgage real estate is sought to be terminated:

      1)     Michelle G. Parkinson, as owner(s) of the real estate foreclosed herein;

      2)     Michelle G. Parkinson, as mortgagor(s) of the real estate foreclosed herein;

      3)     Unknown Owners and Non-Record Claimants

M.     Names of persons claimed to be personally liable for deficiency: Michelle G. Parkinson-However, Plaintiff will not seek a personal deficiency against any party who has been discharged of any personal liability pursuant to the United States Bankruptcy Code, against any party whose bankruptcy case is still pending and the Plaintiff has been granted relief from the automatic stay, or against any party who is protected by the automatic stay provision of the United States Bankruptcy Code at the time any foreclosure sale is confirmed.

N.     Capacity in which Plaintiff brings this suit: The current mortgagee is PNC Bank, National Association . Plaintiff is the holder of the Indebtedness based on the attached Note, which is incorporated herein by reference.

O.     Facts in support of request for attorneys' fees and of costs and expenses, if applicable. Plaintiff has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance and other expenses which should be added to the balance secured by said mortgage.

P.     Plaintiff seeks to terminate the right to possess the mortgaged real estate after confirmation of a foreclosure sale against all defendants who have the right to possess the property.

## PRAYER

WHEREFORE, the Plaintiff, prays as follows:

      1.     For foreclosure of such Mortgage;

      2.     An Order granting a shortened redemption period, if authorized by law;

3.      For a personal deficiency judgment against Michelle G. Parkinson only, if sought.

4.      A judgment for attorneys' fees, costs and expenses;

5.      An Order granting the right to possess the mortgaged real estate and terminating such rights of all defendants who have or claim to have a right to possess the mortgaged real estate;

6.      Such other relief as equity may require.

## ADDITIONAL REQUEST FOR RELIEF

Plaintiff also requests that the judgment for foreclosure or other orders entered herein provide for the following 735 ILCS 5/15-1506(f).

1.      A sale by public auction.

2.      A sale by open bid.

3.      A Judge of this Court or Sheriff of the County, Intercounty Judicial Sales or The Judicial Sales Corporation, shall conduct the sale.

4.      Title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for the preceding year which have not become due and payable as of the date of entry of the Judgment of Foreclosure, any special assessments upon the real estate, and easements and restrictions of record.

5.      In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the Judgment of Foreclosure or Order confirming the sale.

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
PAGE 3 of 8

ANSELMO LINDBERG OLIVER LLC
1771 W. Diehl Rd., Ste 120
Naperville, IL 60563-4947
630-453-6960     866-402-8661
630-428-4620 (fax)
Attorney No.   Cook 58852, DuPage 293191, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232

One of its Attorneys
Steven C. Lindberg
Attorney at Law
ARDC No: 3126232

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT ANSELMO LINDBERG OLIVER LLC IS DEEMED TO BE A DEBT COLLECTOR FOR ITS RESPECTIVE CLIENTS AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

**EXHIBIT 2**

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
ROOM: 1501
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

```
CLERK OF THE CIRCUIT COURT - COOK CO
00155517 Chancery-01 8/14/20
ATTY: 58852   021 JESSICA
AD DAMNUM:              $0.00
CASE NO: 2015CH12248   CALENDAR:
COURT DATE: 0/0/0000 12:00AM
CASE TOTAL: $887.00
Base Filing Fee 6            $241
Document Storage             $15
Automation                   $15
Law Library                  $21
Arbitration                  $10
Dispute Resolution           $1
Court Services               $25
Children Waiting Rm          $10
Foreclose Prevention         $50
Abandoned Residentil         $50
CHECK NO: 140294
CHECK AMOUNT:             $887.00
CHANGE                     $0.00

RECEIPT 0001 OF 0001
TRANSACTION TOTAL:       $887.00

        THANK YOU
```

**EXHIBIT 2**

**EXHIBIT 3**

2120-Served
2220-Not Served
2320-Served by Mail
2420-Served by Publication

2121-Served
2221-Not Served
2321-Served by Mail
2421-Served by Publication

**SUMMONS**

F15080002 PNC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

PNC Bank, National Association      ]
                                    ]
          Plaintiff,                ]
                                    ]
                                    ]      CASE NO. 2015CH12248
vs.                                 ]      CALENDAR/ROOM
                                    ]      TIME 00:00
                                    ]      Case Management Date: December
Michelle G. Parkinson; Unknown Owners and   ]
Non-Record Claimants                ]      Time:
Defendants.                         ]
                                    ]      Courtroom No.:
                                    ]
                                    ]

**SUMMONS**

To each Defendant - See attached Rider:

    YOU ARE SUMMONED and required to file an appearance, pay the fee of $206.00 (unless the Court determines you cannot afford to pay this fee), and answer or otherwise plead in response to the attached Complaint within 30 days. You can file your appearance and pleadings in the office of the Clerk of this Court in Room 802 of the Richard J. Daley Center, 50 W. Washington, St., Chicago, Illinois 60602, Monday through Friday between the hours of 8:30A.M. and 4:30 P.M.

---

# YOU MAY STILL BE ABLE TO SAVE YOUR HOME.
# DO NOT IGNORE THIS DOCUMENT.
### GO TO PAGE 2 OF THIS SUMMONS
### FOR INFORMATION ON FREE HELP FROM THE COURT.

---

**You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the Officer:

    This summons must be returned by the Officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

## THIS IS AN ATTEMPT TO COLLECT A DEBT
### AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

WITNESS _____

Clerk of Court _____

Date of Service: DOROTHY BROWN      AUG 1 4 2015

(To be inserted by officer on copy left with defendant or other person)

Attorney for Plaintiff
ANSELMO LINDBERG OLIVER LLC
1771 W. Diehl Rd., Ste 120
Naperville, IL 60563-4947
630-453-6960   866-402-8661
630-428-4620 (fax)
Attorney No. Cook 58852, DuPage 293191, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT ANSELMO LINDBERG OLIVER LLC IS DEEMED TO BE A DEBT COLLECTOR FOR ITS RESPECTIVE CLIENTS AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.** Service by Facsimile Transmission will be accepted at : _____

(Area Code) (Facsimile Telephone Number)
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT 4**

2120-Served
2220-Not Served
2320-Served by Mail
2420-Served by Publication

2121-Served
2221-Not Served
2321-Served by Mail
2421-Served by Publication

**SUMMONS**

F15080002 PNC    FILED-1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
2019 SEP COUNTY DEPARTMENT, CHANCERY DIVISION

PNC Bank, National Association

    Plaintiff,

vs.

Michelle G. Parkinson; Unknown Owners and
Non-Record Claimants
Defendants.

CASE NO.

Case Management Date:

Time:

Courtroom No.:                SEP 09 2015

**SUMMONS**

To each Defendant - See attached Rider:

    YOU ARE SUMMONED and required to file an appearance, pay the fee of $206.00 (unless the Court determines you cannot afford to pay this fee), and answer or otherwise plead in response to the attached Complaint within 30 days. You can file your appearance and pleadings in the office of the Clerk of this Court in Room 802 of the Richard J. Daley Center, 50 W. Washington, St., Chicago, Illinois 60602, Monday through Friday between the hours of 8:30A.M. and 4:30 P.M.

---

## YOU MAY STILL BE ABLE TO SAVE YOUR HOME.
## DO NOT IGNORE THIS DOCUMENT.
### GO TO PAGE 2 OF THIS SUMMONS
### FOR INFORMATION ON FREE HELP FROM THE COURT.

---

**You must file within 30 days after service of this summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**
To the Officer:

    This summons must be returned by the Officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

**THIS IS AN ATTEMPT TO COLLECT A DEBT**
**AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

WITNESS _____

Clerk of Court
Date of Service **DOROTHY BROWN AUG 1 4 2015**

(To be inserted by officer on copy left with defendant or other person)

Attorney for Plaintiff
ANSELMO LINDBERG OLIVER LLC
1771 W. Diehl Rd., Ste 120
Naperville, IL 60563-4947
630-453-6960    866-402-8661
630-428-4620 (fax)
Attorney No. Cook 58852, DuPage 293191, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT ANSELMO LINDBERG OLIVER LLC IS DEEMED TO BE A DEBT COLLECTOR FOR ITS RESPECTIVE CLIENTS AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.** Service by Facsimile Transmission will be accepted at : _____
(Area Code) (Facsimile Telephone Number)
**CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**EXHIBIT 5**

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
ROOM: 1501
PAGE 1 of 6
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

2120-Served
2220-Not Served
2320-Served by Mail
2420-Served by Publication

**SUMMONS**

F15080002 PNC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

PNC Bank, National Association ]
]
     Plaintiff, ]
vs. ]    CASE NO.    15 CH 12248
]
Michelle G. Parkinson; Unknown Owners and ]    Case Management Date: 10/14/2015
Non-Record Claimants ]
]    Time:
     Defendants. ]
]    Courtroom No.:



### DUPLICATE ALIAS SUMMONS

To each Defendant - See attached Rider:

    YOU ARE SUMMONED and required to file an appearance, pay the fee of $206.00 (unless the Court determines you cannot afford to pay this fee), and answer or otherwise plead in response to the attached Complaint within 30 days. You can file your appearance and pleadings in the office of the Clerk of this Court in Room 802 of the Richard J. Daley Center, 50 W. Washington, St., Chicago, Illinois 60602, Monday through Friday between the hours of 8:30A.M. and 4:30 P.M.

---

# YOU MAY STILL BE ABLE TO SAVE YOUR HOME.
# DO NOT IGNORE THIS DOCUMENT.
### GO TO PAGE 2 OF THIS SUMMONS
#### FOR INFORMATION ON FREE HELP FROM THE COURT.

---

**You must file within 30 days after service of this summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the Officer:

    This summons must be returned by the Officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

**THIS IS AN ATTEMPT TO COLLECT A DEBT**
**AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
        WITNESS DOROTHY BROWN DEC 0 8 2015

                —————————————————
                    Clerk of Court
                    Date of Service: _____
        (To be inserted by officer on copy left with defendant or other person)

Attorney for Plaintiff
ANSELMO LINDBERG OLIVER LLC

1771 W. Diehl Rd., Ste 120

Naperville, IL 60563-4947
630-453-6960 | 866-402-8661 | 630-428-4620 (fax)
Attorney No.   Cook 58852, DuPage 293191, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232

## THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR.

Service by Facsimile Transmission will be accepted at : _____
                     (Area Code) (Facsimile Telephone Number)
        **CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**EXHIBIT 6**

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
ROOM: 1501
PAGE 1 of 5
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

## LIS PENDENS NOTICE

**FILED**

**15 AUG 19 AM 10: 22**

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
CHANCERY DIVISION

STATE OF ILLINOIS
COOK COUNTY

**IN THE CIRCUIT COURT
OF COOK COUNTY**

**COOK COUNTY, ILLINOIS**

Type or Print Complete Information

[Reserved for Recorder's Use Only]

F15080002
PNC Bank, National Association

    Plaintiff,

vs.

Michelle G. Parkinson; Unknown Owners and
Non-Record Claimants

    Defendants.

CASE NO. 15 CH 12248

Filed With The Court: 8/14/15

## LIS PENDENS AND NOTICE OF FORECLOSURE

I, the undersigned, do hereby certify that I caused the above entitled mortgage foreclosure action to be filed in the above referenced circuit court and that the property affected by said cause is described as follows: SEE ATTACHED LEGAL DESCRIPTION

P.I.N. 13-17-212-016-0000

    (i)    The names of all plaintiffs, defendants and the case number are set forth above.

    (ii)    The court in which the action was brought is set forth above.

    (iii)    The names of the title holders of record are: Michelle G. Parkinson

    (iv)    The legal description is set forth below.

    (v)    The common address or location of the property is: 5646 West Eastwood Avenue, Chicago, Illinois 60630

    (vi)    Identification of the mortgage sought to be foreclosed

a)     Mortgagors: Michelle G. Parkinson

b)     Mortgagee: Mortgage Electronic Registration Systems, Inc. as a nominee for Guaranteed Rate, Inc.

c)     Date of mortgage: October 26, 2011

d)     Date and place of recording:
December 9, 2011 in the office of the Recorder of Deeds or Registrar of Titles

e)     Document number: 1134312009

Recording document identification:

The undersigned further certifies pursuant to 735 ILCS 5/15-1218:

(a)     The name and address of the party plaintiff making said claim and asserting said mortgage is: PNC Bank, National Association

(b)     Said plaintiff claims a mortgage lien upon said real estate: 5646 West Eastwood Avenue, Chicago, Illinois 60630

(c)     The nature of said claim is the mortgage and foreclosure action described above.

(d)     The names of the persons against whom said claim is made are:
Michelle G. Parkinson;

(e)     The legal description of said real estate appears below.

(f)     The name and address of the person executing this notice appears below.

(g)     The name and address of the person who prepared this notice appears below.

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
PAGE 2 of 5

One of its Attorneys

Steven C. Lindberg
Attorney at Law
ARDC No: 3126332.

Prepared by:
ANSELMO LINDBERG OLIVER LLC
1771 W. Diehl Rd., Ste 120
Naperville, IL 60563-4947
630-453-6960   866-402-8661
630-428-4620 (fax)
Attorney No. Cook 58852, DuPage 293191, Kane 031-26104, Peoria 1794, Winnebago 3802, IL 03/26232

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT ANSELMO LINDBERG OLIVER LLC IS DEEMED TO BE A DEBT COLLECTOR FOR ITS RESPECTIVE CLIENTS AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

Return To:
ATG LegalServe, Inc.
1 South Wacker 24th Floor
Chicago, IL 60606

## CERTIFICATE OF SERVICE OF LIS PENDENS ON THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION

### AFFIDAVIT

State of Illinois     )
                      ) SS
County of Cook     )

I, _____, on oath do hereby depose and state that I

served a copy of the attached Lis Pendens to the Illinois Department of Financial and Professional

Regulation at the Thompson Center, 100 W. Randolph Street, Chicago, IL 60601, on

_____.

_____

### CERTIFICATION

    Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____

**EXHIBIT 7**

**EXHIBIT 9**

F15080002 PNC

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
ROOM: 1501
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

PNC Bank, National Association

     Plaintiff,

vs.

Michelle G. Parkinson; Unknown Owners and
Non-Record Claimants

    Defendants.

CASE NO. 15 CH 12248

5646 West Eastwood Avenue, Chicago,
Illinois 60630
Calendar

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

I, _____Susan Ward_____ , being first duly sworn hereby depose and state as follows:

I sent a copy of the attached notice of foreclosure to John Arena of Ward 45 at 4754 North Milwaukee Avenue, Chicago, IL 60630, the published address for purpose of such notice, by first class mail, postage prepaid on August 18, 2015.

_Susan Ward_    8/18/15
                           Date

**Susan Ward**
**Legal Assistant**

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_Susan Ward_    8/18/15
                           Date

**Susan Ward**
**Legal Assistant**

ANSELMO LINDBERG OLIVER LLC
1771 W. Diehl Rd., Ste 120
Naperville, IL 60563-4947
630-453-6960    866-402-8661
630-428-4620 (fax)
Attorney No. Cook 58852, DuPage 293191, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT ANSELMO LINDBERG OLIVER LLC IS DEEMED TO BE A DEBT COLLECTOR FOR ITS RESPECTIVE CLIENTS AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

**EXHIBIT 8**

F15080002 PNC

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
ROOM: 1501
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

PNC Bank, National Association

    Plaintiff,

vs.

Michelle G. Parkinson; Unknown Owners and
Non-Record Claimants
Defendants.

]
]
]
]
]
]
]
]
]
]

CASE NO.

Property Address: 5646 West Eastwood
Avenue, Chicago, Illinois 60630

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

NOW COMES the plaintiff, PNC Bank, National Association  by and through its attorneys, ANSELMO
LINDBERG OLIVER LLC  and pursuant to 735 ILCS 5/2-202 moves this court for the entry of an Order
appointing Firefly Legal IL, Inc., License Number 117-001465, Pro-Vest, LLC, License Number 117-001336, and
ATG LegalServe, Inc., License Numbers 117-001494 and 115-002307, a licensed private detective agency and its
employees as special process server to make service of process in this case and in support thereof states as
follows:

1.    Immediate service of process is necessary to protect the interests of the plaintiff herein.

2.    That Firefly Legal IL, Inc. is certified under the Private Detective, Private Alarm, Private
Security, Fingerprint Vendor and Locksmith Act of 2004, License Number 117-001465, is a
licensed private detective agency in the State of Illinois and its employees are over the age of
eighteen and are not parties to this action.

3.    That Pro-Vest, LLC is certified under the Private Detective, Private Alarm, Private Security,
Fingerprint Vendor and Locksmith Act of 2004, License Number 117-001336, is a licensed
private detective agency in the State of Illinois and its employees are over the age of eighteen and
are not parties to this action.

4.    That ATG LegalServe, Inc. is certified under the Private Detective, Private Alarm, Private
Security, Fingerprint Vendor and Locksmith Act of 2004, License Numbers 117-001494 and 115-
002307, is a licensed private detective agency in the State of Illinois and its employees are over
the age of eighteen and are not parties to this action.

WHEREFORE, the plaintiff prays for the appointment of Firefly Legal IL, Inc., License Number 117-
001465, Pro-Vest, LLC, License Number 117-001336, and ATG LegalServe, Inc., License Numbers 117-001494
and 115-002307 and their employees as special process servers herein to serve process in this matter.

Attorney for Plaintiff
ANSELMO LINDBERG OLIVER LLC
1771 W. Diehl Rd., Ste 120 Naperville, IL 60563-4947
630-453-6960   866-402-8661
630-428-4620 (fax)
Attorney No.  Cook 58852, DuPage 293191, Kane 031-26104, Peoria 1794, Winnebago 3802, IL 03126232

One of its Attorneys
Steven C. Lindberg
Attorney at Law

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT
ANSELMO LINDBERG OLIVER LLC IS DEEMED TO BE A DEBT COLLECTOR FOR ITS
RESPECTIVE CLIENTS AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT
PURPOSE.**

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

IN THE MATTER OF THE APPLICATION   ]
OF THE LAW FIRM OF ANSELMO LINDBERG ]
OLIVER LLC FOR A STANDING ORDER   ]
FOR THE APPOINTMENT OF A SPECIAL   ]
PROCESS SERVER FOR THE QUARTER   ]
ENDING SEPTEMBER 30, 2015   ]

### AMENDED ORDER FOR STANDING ORDER FOR THE APPOINTMENT OF A SPECIAL PROCESS SERVER FOR THE QUARTER ENDING SEPTEMBER 30, 2015

THIS MATTER coming to be heard on ANSELMO LINDBERG OLIVER LLC's application for a standing order for the appointment of a designated special process server good from July 1, 2015 through and including September 30, 2015. and the court being fully advised in the premises,

IT IS HEREBY ORDERED THAT

1.    Firefly Legal IL, inc. who is certified under the Private Detective, Private Alarm, Private Security, Fingerprint Vender and Locksmith Act of 2004, License Number 117-001465, Pro-Vest, LLC, who is certified under the Private Detective, Private Alarm, Private Security, Fingerprint Vender and Locksmith Act of 2004, License Number 117-001336 and ATG LegalServe Inc. who is certified under the Private Detective, Private Alarm, Private Security, Fingerprint Vender and Locksmith Act of 2004, License Number 117-001494 and 115-002307 are licensed private detective agencies in the State of Illinois and their employees are over the age of eighteen, are designated as special process servers by virtue of this standing order on all cases filed by ANSELMO LINDBERG OLIVER LLC from

July 1, 2015 through and including September 30, 2015. both inclusive. This order may be photocopied and filed in all cases filed by ANSELMO LINDBERG OLIVER LLC to reflect this appointment.

<del>JUDGE LEWIS NIXON</del>
JUDGE
JUN 3 0 2015

<del>Circuit Court - 1840</del>
DATED

ANSELMO LINDBERG OLIVER LLC
1771 W. Diehl Rd., Ste 120

Naperville, IL 60563-4947
630-453-6960  866-402-8661
630-428-4620 (fax)
Attorney No., Cook 58852

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
PAGE 2 of 2

**EXHIBIT 9**

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
ROOM: 1501
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

*104626*
Law firm ref#: F15

FILED-7

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT**
2019 SEP -9 PM 2:05 **DIVISION**

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS

**PNC Bank, National Association,**                                    **Case No.: 15 CH 12248**

            Plaintiff(s),

vs.

**Parkinson/Michelle G.,**

            Defendant(s).

## AFFIDAVIT OF SPECIAL PROCESS SERVER

Scott Pryor, Being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I have been appointed by the court to serve process in the above mentioned cause and/or am a special appointed process server, a licensed private investigator, and/or an employee/agent of ATG LegalServe, Inc., Illinois Department of Financial and Professional Regulation number 117.001494.
DEFENDANT TO BE SERVED: **Michelle Parkinson**

I, Non-Served the within named defendant on August 25, 2015 @ 12:37 PM

TYPE OF PROCESS: **Summons and Complaint To Foreclose Mortgage**
ADDRESS WHERE ATTEMPTED: **5646 West Eastwood Avenue, Chicago, IL60630**
**NON-SERVICE** for reason that after diligent investigation found:

| Date/Time | Address | Remarks |
|---|---|---|
| 08/19/2015-6:26 PM | 5646 West Eastwood Avenue Chicago, IL60630 | Address to a single-family home. I rang the front doorbell and knocked. There was no answer. No mail in the mailbox |
| 08/21/2015-7:36 AM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang and knocked. There's no answer. |
| 08/23/2015-8:57 PM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang and knocked. There's no answer. I also tried the next-door neighbors. There was no answer. There were no lights on. |

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

State of _____

County of _____

This instrument was subscribed and sworn to before me on _____ (date)
By _____ (name/s of person/s)
Signature of Notary Public

Scott Pryor Process Server
Dated _____

**PNC Bank, National Association,**                                    **Case No.: 15 CH 12248**

            Plaintiff(s),

vs.

**Parkinson/Michelle G.,**

            Defendant(s).

OFFICIAL SEAL
MONIQUE M. REYES
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 05/15/2019

ATG LegalServe Inc
1 South Wacker Drive, 24th Floor
Chicago, IL60606
312.752.1992

**EXHIBIT 10**

**EXHIBIT 12**

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
ROOM: 1501
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

*104627*
Law firm ref#: F15060051510000

FILED-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT CHANCERY DIVISION

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
CHANCERY DIV.

CLERK

**PNC Bank, National Association,**

        Plaintiff(s),

vs.

**Parkinson/Michelle G.,**

        Defendant(s).

**Case No.: 15 CH 12248**



## AFFIDAVIT OF SPECIAL PROCESS SERVER

Kathleen Dinunno, Being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I have been appointed by the court to serve process in the above mentioned cause and/or am a special appointed process server, a licensed private investigator, and/or an employee/agent of ATG LegalServe, Inc., Illinois Department of Financial and Professional Regulation number 117.001494.
DEFENDANT TO BE SERVED: **Michelle Parkinson**

I, Non-Served the within named defendant on August 23, 2015 @ 11:58 AM

TYPE OF PROCESS: **Summons and Complaint To Foreclose Mortgage**
ADDRESS WHERE ATTEMPTED: **1322 South Troy Street, FL 2, Chicago, IL60623**
**NON-SERVICE** for reason that after diligent investigation found:

| Date/Time | Address | Remarks |
|---|---|---|
| 08/23/2015-11:57 AM | 1322 South Troy StreetFL 2 Chicago, IL60623 | LISTED ADDRESS IS A THREE FLAT BUILDING. ENTIRE PROPERTY IS BOARDED UP AND VACANT. UNABLE TO SERVE. |

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

State of

County of

This instrument was subscribed and sworn to before me on _____ (date)
By _____ (name/s of person/s)
Signature of Notary Public

Kathleen Dinunno, Process Server
Dated    8/28/15

OFFICIAL SEAL
**MONIQUE M. REYES**
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 05/15/2019

**PNC Bank, National Association,**

        Plaintiff(s),

vs.

**Parkinson/Michelle G.,**

        Defendant(s).

**Case No.: 15 CH 12248**

ATG LegalServe Inc
1 South Wacker Drive, 24th Floor
Chicago, IL60606
312.752.1992

**EXHIBIT 11**

EXHIBIT **13**



ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
CALENDAR: 1501
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT
## CHANCERY DIVISION

PNC Bank, National Association,

      Plaintiff(s),

vs.

Parkinson/Michelle G.,

      Defendant(s).

Case No.: 15 CH 12248

### AFFIDAVIT OF SPECIAL PROCESS SERVER

Scott Pryor, Being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I am an employee of ATG LegalServe, Inc., Illinois Department of Financial and Professional Regulation number 117.001494.
DEFENDANT TO BE SERVED: **Michelle Parkinson**

I, Non-Served the within named defendant on December 30, 2015 @ 8:06 PM

TYPE OF PROCESS: **Alias Summons and Complaint To Foreclose Mortgage**
ADDRESS WHERE ATTEMPTED: **5646 West Eastwood Avenue, Chicago, IL60630**
**NON-SERVICE** for reason that after diligent investigation found:

| Date/Time | Address | Remarks |
|---|---|---|
| 12/08/2015-5:40 PM | 5646 West Eastwood Avenue Chicago, IL60630 | Address to a single-family red brick house. Rang bell and Knocked. There was no answer. House looks to be occupied. No lights were on. |
| 12/10/2015-6:39 AM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. |
| 12/12/2015-1:08 PM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. |
| 12/14/2015-6:35 AM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. |
| 12/17/2015-8:57 PM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. No lights were on. |
| 12/19/2015-8:05 AM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. |
| 12/21/2015-8:32 PM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. I also tried a next door neighbors. There was no answer. |
| 12/23/2015-7:01 AM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. |
| 12/26/2015-9:45 PM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. No lights were on. No contact was made after multiple attempts. |
| 12/28/2015-7:03 PM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. No lights were on. |
| 12/29/2015-7:01 AM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. |
| 12/30/2015-8:06 PM | 5646 West Eastwood Avenue Chicago, IL60630 | Rang bell and Knocked. There was no answer. No lights were on. No contact was made after multiple attempts. |

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

State of Illinois
County of Cook
This instrument was subscribed and sworn to before me on 12/31/15
By _____ (name of server)

Signature of Notary Public

Scott Pryor, Process Server
Dated 1/31/16 ATG LegalServe, Inc.

Official Seal
Veronica Moreno
Notary Public State of Illinois
My Commission Expires 11/12/2017

**EXHIBIT 12**

ELECTRONICALLY FILED
2:16 PM
H-12248
ROOM: 1501
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

*112253*
Law firm ref#:

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT
### CHANCERY DIVISION

**PNC Bank, National Association,**

      Plaintiff(s),

vs.

**Parkinson/Michelle G.,**

      Defendant(s).

**Case No.: 15 CH 12248**



## AFFIDAVIT OF SPECIAL PROCESS SERVER

Nancy Porter, Being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I am an employee of ATG LegalServe, Inc., Illinois Department of Financial and Professional Regulation number 117.001494.
DEFENDANT TO BE SERVED: **Michelle Parkinson**

I, Non-Served the within named defendant on December 26, 2015 @ 1:25 PM

TYPE OF PROCESS: **Duplicate Alias Summons and Complaint To Foreclose Mortgage**
ADDRESS WHERE ATTEMPTED: **2720 S. Highland Avenue, Lombard, IL60148**
**NON-SERVICE** for reason that after diligent investigation found:

| Date/Time | Address | Remarks |
|---|---|---|
| 12/14/2015-12:09 PM | 2720 S. Highland Avenue Lombard, IL60148 | Multi unit, secured apartment building. The defendants name is not on the directory. |
| 12/26/2015-1:25 PM | 2720 S. Highland Avenue Lombard, IL60148 | I SPOKE WITH A FEMALE EMPLOYEE IN THE MANAGEMENT OFFICE OF CITY VIEWS ON HIGHLAND. SHE STATED THERE IS NO MICHELLE PARKINSON RENTING A UNIT HERE. |

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

State of _IL_

County of _Dupage_

This instrument was subscribed and sworn to before me on _1/6/16_ (date)
By _____ (name/s of person/s)
Signature of Notary Public

Nancy Porter, Process Server
Dated 1/6/16 ATG LegalServe Inc

OFFICIAL SEAL
TODD M. BOST
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires June 10, 2019

**PNC Bank, National Association,**

      Plaintiff(s),

vs.

**Parkinson/Michelle G.,**

      Defendant(s).

**Case No.: 15 CH 12248**



ATG LegalServe Inc
1 South Wacker Drive, 24th Floor
Chicago, IL60606
312.752.1992

**EXHIBIT 13**

| | Plaintiff | Litigant | Type | Judge | Court Fee | Ad Damnum | Image / Microfilm |
|---|---|---|---|---|---|---|---|
| LLC PNC BANK N A | PARKINSON MICHELLE | P | | $887.00 | $0.00 | Image Not Available |
| LLC PNC BANK N A | | P | | $0.00 | $0.00 | Image Not Available |
| LLC PNC BANK N A | | P | | $0.00 | $0.00 | Image Not Available |
| LLC PNC BANK N A | | P | | $0.00 | $0.00 | Image Not Available |
| LLC PNC BANK N A | | P | | $0.00 | $0.00 | Image Not Available |
| LLC PNC BANK N A | | P | | $0.00 | $0.00 | Image Not Available |
| LLC PNC BANK N A | | P | MULLEN, MICHAEL TULLY | $0.00 | $0.00 | |
| LLC PNC BANK N A | | P | | $0.00 | $0.00 | **View Image (000002** |
| LLC PNC BANK N A | | P | | $0.00 | $0.00 | **View Image (000002** |
| LLC PNC BANK N A | | P | | $0.00 | $0.00 | **View Image (000002** |
| | PARKINSON MICHELLE | D | | $0.00 | $0.00 | Image Not Available |
| LLC PNC | | P | | $0.00 | $0.00 | Image Not Available |
| PNC BANK N A | | P | MULLEN, MICHAEL TULLY | $0.00 | $0.00 | **View Image (000004** |
| LLC PNC BANK N A | | P | | $6.00 | $0.00 | **View Image (000005** |

1:51 PM
12/20/2017

**EXHIBIT 14**

| 0000 | 99500 | | | | $0.00 | $0.00 View Image (200063) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200065) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200067) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200067) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200067) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200067) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200068) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200068) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200070) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200069) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200071) |
| 0000 | 99500 | PARKINSON MIC | D | | $0.00 | $0.00 View Image (200072) |
| 0000 | | PARKINSON MIC | D | | $0.00 | $0.00 Image Not Available |
| 0000 | | PNC BANK N A | P | SCHNEIDER, CATHERINE A. | $0.00 | $0.00 Image Not Available |
| 0000 | | PNC BANK N A | P | SCHNEIDER, CATHERINE A. | $0.00 | $0.00 Image Not Available |
| 0000 | | PARKINSON MIC | D | SCHNEIDER, CATHERINE A. | $0.00 | $0.00 View Image (200074) |
| 0000 | 99500 | | | | | |

On-Line Information Services, Inc.

**EXHIBIT 15**

**EXHIBIT 18**

F15080002 PNC

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
ROOM: 1501
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED

PNC Bank, National Association

017 OCT -5 AM 12: 04

CIRC...

Plaintiff,

CASE NO. 15 CH 12248

CLER...

DOROTHY BROWN

Vs.

5646 West Eastwood Avenue, Chicago, Illinois
60630

Michelle G. Parkinson

Defendants.

**NOTICE OF FILING**

To: Attached Service List

PLEASE TAKE NOTICE that the attached Notice of Change of Name and Address was sent for filing on October 04, 2017 with the Clerk of the Court of Cook County, Illinois.

**PROOF OF SERVICE BY MAIL**

THE UNDERSIGNED, being first duly sworn on oath, deposes and says that he/she caused to be served by mail a copy of the Notice of Change of Name and Address, sent for filing on October 04, 2017, and all referenced documents to the above named party(s), in the attached service list, at the above named address(es) by depositing the same in the U.S. Mail at Naperville, IL 60566, with postage prepaid, on _10/04/2017_ before 5:00 PM.

ANSELMO LINDBERG OLIVER LLC
1771 W. Diehl Rd., Ste 120
Naperville, IL 60563-4947
630-453-6960    866-402-8661
630-428-4620 (fax)
Attorney No.  Cook 26122, DuPage 293191, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232

**EXHIBIT 16**



P.O. BOX 3228
1771 WEST DIEHL ROAD, SUITE 120
NAPERVILLE, ILLINOIS 60563

RETURN SERVICE REQUESTED

IAPWSMB 60630

PRESORTED
FIRST CLASS





U.S. POSTAGE >> PITNEY BOWES

ZIP 60563
02 4M
0000331780 OCT 04 2017

$ 000.42³

**EXHIBIT 17**

F15080002 PNC

# IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

PNC Bank, National Association     ]
                                   ]
     Plaintiff,          ]
                                   ]
     -vs-                ]
                                   ]
Michelle G. Parkinson;  Unknown Owners and Non- ]
Record Claimants                   ]
                                   ]
     Defendants.         ]
                                   ]
_____ ]
                                   ]
Michelle G. Parkinson,             ]
                                   ]
     Counter-Plaintiff,  ]
                                   ]
     -vs-                ]
                                   ]
PNC Bank, National Association     ]
                                   ]
     Counter-Defendant.  ]

CASE NO.     15 CH 12248
Property Address: 5646 West Eastwood
Avenue, Chicago, Illinois 60630

## NOTICE OF FILING

To:    Michelle G. Parkinson
       5646 W. Eastwood Avenue
       Chicago IL 60630

PLEASE TAKE NOTICE that the attached **Defendant's Reply in Support of its §2-619.1 Combined Motion to Strike and Dismiss Plaintiff's 3rd Amended Complaint and for Summary Judgment** was sent for filing on December 5, 2017 with the Clerk of the Court of Cook County, Illinois.

                                       12.5.17

                      Tracy M. Bristow               Date

                      Litigation Paralegal
                      Anselmo Lindberg Oliver LLC

## PROOF OF SERVICE BY MAIL & VERIFICATION BY CERTIFICATION

THE UNDERSIGNED, under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, being first duly sworn on oath, deposes and says that he/she caused to be served by mail a copy of this notice and referenced documents to the above named party(s) at the above named address(s) by depositing the same in the U.S. Mail at Naperville, Illinois 60566, with postage prepaid, on December 5, 2017 before 5:00 PM.

ANSELMO LINDBERG OLIVER LLC
1771 W. Diehl Rd., Ste 120
Naperville, IL 60563-4947
630-453-6960 | 630-402-8661 | 630-428-4620 (fax)
Attorney No. 58852
foreclosure@ALOLawGroup.com

                                          12.5.17

Tracy M. Bristow                     Date

Litigation Paralegal
Anselmo Lindberg Oliver LLC

**THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR.**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

PNC Bank, National Association

        Plaintiff,

-vs-

Michelle G. Parkinson; Unknown Owners and
Non-Record Claimants

        Defendants.

Michelle G. Parkinson,

        Counter-Plaintiff,

-vs-

PNC Bank, National Association

        Counter-Defendant.

Case No.: 15 CH 12248

Property Address: 5646 West Eastwood
Avenue, Chicago, Illinois 60630

## DEFENDANT'S REPLY IN SUPPORT OF ITS §2-619.1 COMBINED MOTION TO DISMISS PLAINTIFF'S 3rd AMENDED COMPLAINT AND FOR SUMMARY JUDGMENT

        NOW COMES the Counter-Defendant, PNC Bank, National Association, by and through

its attorneys, Anselmo Lindberg & Associates LLC, and replies in support of its §2-619.1

Combined Motion to Dismiss Plaintiff's 3rd Amended Complaint and for Summary Judgment

("Motion"), as follows:

### Additional Facts

        On October 20, 2017, this Court set a briefing schedule on PNC's pending Motion. On

November 17, 2017, Counter-Plaintiff ("Parkinson") filed a series of documents that were

previously filed in the foreclosure action along with a document labeled as a "Verified Motion

for Disclosure" and "Counter-Plaintiff's Verified Motion to Vacate" which was accompanied by

the "Affidavit of Michelle Parkinson". Attached hereto and incorporated herein as Exhibit 1, 2, and 3, respectively are the aforementioned documents *sans* additional exhibits. No response brief addressing PNC's current motion was received by Plaintiff's counsel, nor does one appear to have been filed by Parkinson.

Since Parkinson is currently moving on her 3rd Amended Complaint, PNC will treat the aforementioned motions as a "response" to PNC's current Motion and it does its best to respond accordingly.

<b><u>Argument</u></b>

A. *The legal analysis presented in PNC's Motion is unrefuted and summary judgment is proper*

At this stage of these proceedings, Parkinson cannot simply rest on her unsubstantiated allegations in order to create a genuine issue of material fact. It is well-established that the non-movant cannot simply rely upon his answer to create genuine issues of material fact. *Tzakis v. Dominick's Finer Foods*, 356 Ill. App. 3d 740, 745 (1st Dist. 2005). While it is true a party is not obligated to file a counter-affidavit, a party must do so if it wishes to avoid application of the rule that all well-pleaded, uncontradicted facts contained in the movant's affidavit will be accepted by the court as true for the purpose of ruling on the motion. *Burks Drywall, Inc. v. Washington Bank & Trust Co.*, 110 Ill. App. 3d 569, 575 (2nd Dist. 1982). While Parkinson will argue that she has supported her position via affidavit, her filed affidavit asserts facts that do not address the legal shortcomings in her pleadings. Further, Parkinson has provided this Court with no legal response or argument that would defeat PNC's position. Accordingly, this Court must grant summary judgment in PNC's favor as to Counts III, V, XII, and XIII.

B. *The legal analysis presented in PNC's Motion is unrefuted and dismissal with prejudice is proper*

Similarly, Parkinson has failed to address any of the arguments that state why the remaining counts of her 3rd Amended Complaint should be dismissed. Instead, Parkinson has filed a "Motion to Vacate" which asks this Court to set a jury trial on damages she incurred for the "wrongful filing of the foreclosure". While the argument in the newly filed "Motion to Vacate" parrots some of the arguments in the 3rd Amended Complaint, the existence of a separately filed motion does not control or supersede the operative pleadings on file. For the reasons stated in its Motion, this Court must dismiss Parkinson's 3rd Amended Counter Complaint *with prejudice as to Counts I, II, IV, VI, VIII, IX, X, XI.*

C. *Parkinson's Verified Motion for Disclosure*

Parkinson filed a Verified Motion for Disclosure that requests that the Cook County Clerk be ordered to provide proof that PNC remitted funds as part of the filing process. Apparently, Parkinson believes that PNC's counsel and the Clerk of the Court are working in concert to defraud her and run-up additional charges on her account. Notwithstanding the fact that "Motion for Disclosure" has almost nothing to do with the counterclaims on file, and therefore could not possibly affect this Court's analysis in granting or denying the current Motion, PNC submits its breakdown of fees paid which were incurred as a result of filing the underlying foreclosure action. *See* invoice and check #140294 attached hereto as **Exhibit 4.** Further, and for Parkinson's and this Court's own edification, General Administrative Order No. 2007-03, "standing orders for appointment of special process servers in mortgage foreclosure cases" executed by then Presiding Judge Dorothy Kinnaird governs the process of authorizing and allowing special process servers. To that end, the Cook County Clerk would not have receipts for service fees because they would have been paid to the private company.

### D. *Parkinson's Motion to Vacate*

On April 5, 2016, the foreclosure action against Parkinson was dismissed because she executed a Loan Modification Agreement ("LMA") with PNC Bank that ultimately brought the loan current under the new terms of the LMA. Attached hereto and incorporated herein respectively as **Exhibit 5** and **Exhibit 6** are the dismissal orders and LMA. In the last year-and-a-half, the parties have litigated Parkinson's counterclaims. As it currently stands, no order has been entered with respect to Parkinson's 3rd Amended Complaint other than the one setting the current briefing schedule. Accordingly, it is unclear what Parkinson specifically seeks to vacate. Further, and regarding the fees and costs complained about by Parkinson, the LMA specifically set forth the agreed upon terms and payment amount. The parties reduced those terms to writing and Parkinson subsequently executed the agreement.

Unfortunately for Parkinson, the Motion to Vacate has absolutely no impact on the validity of PNC's argument in its current Motion.

### CONCLUSION

While Parkinson's claims are ever-morphing, the basic theme has remained the same throughout the various iterations of her complaint. Parkinson is upset that she did not qualify for a certain type of loan modification program due to a valuation of her home. Because she did not obtain that type of modification, she has decided to lash out against PNC when PNC has done nothing but abide by the relevant laws and regulations. As demonstrated above, each and every one of Parkinson's pending thirteen counts should properly be dismissed or summary judgment should be entered in PNC's favor as it has demonstrated that her claims cannot survive as a matter of law.

WHEREFORE, PNC Bank, respectfully prays this Honorable Court dismiss Michelle G.

Parkinson 3rd Amended Counter Complaint *with prejudice as to Counts I, II, IV, VI, VIII, IX, X,*

*XI*, grant summary judgment in PNC's favor as to Counts III, V, XII, and XIII and grant all other

equitable relief as this Court deems fair and just.

Respectfully submitted,

By: _____
One of Its Attorneys

CHRIS IARIA
ANSELMO LINDBERG & ASSOCIATES, LLC
1771 W. Diehl Road, Suite 120
Naperville, IL 60563
(P) 630-983-0770
(F) 630-983-1487
Cook County Atty. No. 58852

**EXHIBIT 18**

I4331-721
LOAN-NO (CONT'D)   100008371B

PNC BANK, NATIONAL ASSOCIATION    LOAN HISTORY Y-T-D INV 567 CAT 047 INV# 0688862411 T16 12/31/15
PAGE 23133

MICHELLE G PARKINSON    EMP 0    POF3

| LN# | DUE DATE | PROC DATE | TP | SQ NO | TR | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE CORP:SEQ | ADVANCE BALANCE PAYEE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL | OTHER AMOUNTS | CFD DCT AR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00-00 | 08-31 | 6 32 | 4 | | | .00 PROCES NFC CHECK #WIRE | | REASON FUFL FILING | FEE CMPLN | | CORP:SEQ | PAYEE | 19R66 | ORIG PAY | FC25596 | 450.00 | AR |
| 00-00 | 08-31 | 6 32 | 5 | | | .00 PROCES NFC CHECK #WIRE | | REASON FUFL FILING | FEE CMPLN | | CORP:SEQ | PAYEE | 19R66 | ORIG PAY | FC25596 | 50.00 | AR |
| 00-00 | 08-31 | 6 32 | 6 | | | .00 PROCES NFC CHECK #WIRE | | REASON FQLP LIS | PENDEN NOPA | | CORP:SEQ | PAYEE | 19R66 | ORIG PAY | FC25596 | 54.00 | AR |
| 00-00 | 08-31 | 6 32 | 7 | | | .00 PROCES NFC CHECK #WIRE | | REASON FTTS TITLE | SEARCH | | CORP:SEQ | PAYEE | 19R66 | ORIG PAY | FC25596 | 275.00 | AR |
| 00-00 | 08-31 | 6 32 | 8 | | | .00 PROCES NFC CHECK #WIRE | | REASON FSPE PROCESS | | | CORP:SEQ | PAYEE | 19R66 | ORIG PAY | FC25596 | 195.00 | AR |
| 00-00 | 09-02 | 6 33 | 1 | | | .00 PROCES NIV CHECK #666173 | | REASON BOHF FHLMC FC MICR CHECK #0010666173 | ELE INV | | CORP:SEQ | PAYEE | 86N67 | ORIG PAY | FC22167 | 2.50 | AN |
| 00-00 | 09-02 | 6 33 | 2 | | | .00 PROCES NIV CHECK #666173 | | REASON BOHF FHLMC FC MICR CHECK #0010666173 | ELE INV | | CORP:SEQ | PAYEE | 86N67 | ORIG PAY | FC22167 | 2.50 | AN |
| 00-00 | 09-02 | 6 33 | 3 | | | .00 PROCES NIV CHECK #666173 | | REASON BOHF FHLMC FC MICR CHECK #0010666173 | ELE INV | | CORP:SEQ | PAYEE | 86N67 | ORIG PAY | FC22167 | 2.50 | AN |
| 04-15 | 09-28 | 1 73 | 1 | | | 1626.04 CHECK #666173 | .00 | REASON MICR CHECK #0010666173 246692.69 | .00 | | .00 | 1667.93 | .00 | .00 | .00 | 1626.04 W 1 3252.08 WB | |
| | | | | | | | | | | | | | | PRV-PD THRU: 09-28-15 | | | |
| 04-15 | 09-28 | 1 73 | 2 | | | .00 | 403.94 | 246288.75 | 925.10 | 420.20 | 420.20 | 1667.93 | .00 BATCH 450 EDIT-SEQ 410422 | ACTION 1928 .00 | | 1749.24-W 1 1502.84 WB | |
| | | | | | | | | | | | | | PRV-PD FROM: 04-01-15 THRU: 09-28-15 | | | 51.39 AA | |
| 04-15 | 09-28 | 1 68 | 3 | | | .00 | .00 | 246288.75 | .00 | 420.20- | .00 | 1247.73 | .00 BATCH 929 EDIT-SEQ 999999 | ACTION 0029 .00 | | 1502.84 WB1 420.20 V | |
| 05-15 | 10-29 | 1 73 | 1 | | | 1626.04 | .00 | 246288.75 | .00 | .00 | .00 | 1247.73 | .00 BATCH 929 EDIT-SEQ 999999 | ACTION 0029 .00 | | 1626.04 W 1 3128.88 WB | |
| | | | | | | | | | | | | | | PRV-PD THRU: 10-29-15 | | | |
| 05-15 | 10-29 | 1 73 | 2 | | | .00 | 405.46 | 245883.29 | 923.58 | 420.20 | 420.20 | 1247.73 | .00 BATCH 8CB EDIT-SEQ 201746 | ACTION 1928 .00 | | 1749.24-W 1 1749.64 WB | |
| | | | | | | | | | | | | | PRV-PD FROM: 09-28-15 THRU: 10-29-15 | | | 51.31 AA | |
| 05-15 | 10-29 | 1 68 | 3 | | | .00 | .00 | 245883.29 | .00 | 420.20- | .00 | 827.53 | .00 BATCH 929 EDIT-SEQ 999999 | ACTION 0029 .00 | | 1379.64 WB1 420.20 V | |
| 06-15 | 11-30 | 1 47 | 1 | | | .00 | .00 | 245883.29 | .00 | .00 | .00 | 827.53 | .00 BATCH 929 EDIT-SEQ 999999 | ACTION 0029 .00 | | 1379.64-W 1 .00 WB | |
| 00-00 | 11-30 | 7 12 | 2 | | | 1379.64 PROCES DLB CHECK #WIRE | .00 PROCES NFC | REASON BORR | BORROWER FUNDS | | CORP:SEQ | PAYEE | 19R66 | ORIG PAY | 312359 | 1379.64 | AR |
| 00-00 | 12-14 | 6 30 | 1 | | | .00 PROCES NFC CHECK #WIRE | | REASON FECM ATTD CAS | MGT CON | | CORP:SEQ | PAYEE | 19R66 | ORIG PAY | FC25596 | 100.00 | AR |
| 00-00 | 12-17 | 6 33 | 1 | | | .00 PROCES NIV CHECK #857509 | | REASON BOHF FHLMC FC MICR CHECK #0010857509 | ELE INV | | CORP:SEQ | PAYEE | 86N67 | ORIG PAY | FC22167 | 2.50 | AN |
| 00-00 | 12-18 | 6 33 | 1 | | | .00 PROCES HAN CHECK #859251 | | REASON LUDP DOC PREP MICR CHECK #0010859251 | FEES | | CORP:SEQ | PAYEE | 82N52 | ORIG PAY | PP296619 | 25.00 | AN |

## Payment information

| Requested Date | | Check/ACH# | | Payment Date | | Amount | | |
|---|---|---|---|---|---|---|---|---|
| 11/20/2017 | | 091000018840808 | | 11/24/2017 | | $3.95 | | |
| Category | Subcategory | | Trans Code | Reason Code | Caw Payee Code | | Seq Code | Net Amount |
| Filing Costs | Court | | 632 | FCPC | 19R66 | | | $3.95 |
| Requested Date | | Check/ACH# | | Payment Date | | Amount | | |
| 11/20/2017 | | 091000018840808 | | 11/24/2017 | | $28.50 | | |
| Category | Subcategory | | Trans Code | Reason Code | Caw Payee Code | | Seq Code | Net Amount |
| Attorney Fees | Civil Litigation | | 630 | DFCL | 19R66 | | | $28.50 |
| Requested Date | | Check/ACH# | | Payment Date | | Amount | | |
| 11/20/2017 | | 091000018840808 | | 11/24/2017 | | $60.00 | | |
| Category | Subcategory | | Trans Code | Reason Code | Caw Payee Code | | Seq Code | Net Amount |
| Attorney Fees | Civil Litigation | | 630 | DFCL | 19R66 | | | $60.00 |
| Requested Date | | Check/ACH# | | Payment Date | | Amount | | |
| 11/20/2017 | | 091000018840808 | | 11/24/2017 | | $200.00 | | |
| Category | Subcategory | | Trans Code | Reason Code | Caw Payee Code | | Seq Code | Net Amount |
| Attorney Fees | Civil Litigation | | 630 | DFCL | 19R66 | | | $200.00 |
| Attorney Fees | Civil Litigation | | 630 | DFCL | 19R66 | | | $200.00 |
| Requested Date | | Check/ACH# | | Payment Date | | Amount | | |
| 11/20/2017 | | 091000018840808 | | 11/24/2017 | | $680.00 | | |
| Category | Subcategory | | Trans Code | Reason Code | Caw Payee Code | | Seq Code | Net Amount |
| Attorney Fees | Civil Litigation | | 630 | DFCL | 19R66 | | | $680.00 |

**EXHIBIT 19**



| Loan No. | |
|---|---|
| PNC Ref No. | |
| CFPB Ref No. | 171201-2678134 |

December 14, 2017

MICHELLE G PARKINSON
5646 W EASTWOOD AVE
CHICAGO IL 60630 3308

Dear Ms. Parkinson:

This letter is in response to your written correspondence dated December 1, 2017 to the Consumer Financial Protection Bureau (CFPB) concerning the referenced PNC Bank, National Association ("PNC") loan. We appreciate your patience while we reviewed our records to respond to your concerns.

In your correspondence, you summarized the issue as you allege that PNC took or threatened to take negative or legal action without properly notifying you of a lawsuit. You proceeded to make several pages of statements and attached numerous documents. Your desired resolution would be to be awarded damages, reimbursed for any fees you have been charged, and to be awarded costs of defending the lawsuit against PNC Bank, N. A.

We reviewed our records and our findings are summarized below.

Your loan is current, and paid as agreed as outlined in the terms of your mortgage. PNC last approved your loan for a modification in March 2016, which gave you an affordable payment, brought your loan current and cured your past delinquency.

Currently, you are active in litigation and a hearing has been set for December 14, 2017, to discuss the substantially similar details you have written in your CFPB complaint that will be reviewed by a judge.

PNC has responded to the CFPB for similar inquiries, regarding requests to reimburse you for foreclosure fees, which also includes a timeline of your loan's previous hardship application reviews and details about the foreclosure. At this time, our decision is still the same. We decline your request for damages, reimbursement for fees you have been charged, and awarding you costs of defending your lawsuit. We have enclosed the past responses for your records.

Should you have any further questions or concerns regarding this matter, please send your inquiries to our outside counsel: Anselmo Lindberg Oliver LLC, 1771 W. Diehl Road, Suite 120, Naperville IL 60563.

Sincerely,

*Amy Toller*



Amy Toller
Officer, Executive Client Relations
PNC Bank

Enclosures          CFPB Response Dated:          December 15, 2015
                                                  March 25, 2016
                                                  May 24, 2016

**EXHIBIT 20**

EXHIBIT **4**

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
ROOM: 1501
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN



### ANSELMO LINDBERG OLIVER LLC
#### ATTORNEYS AT LAW

CORPORATE OFFICE:
1771 WEST DIEHL ROAD, SUITE 120, NAPERVILLE, ILLINOIS 60563-1890
P.O. BOX 3228, NAPERVILLE, ILLINOIS 60566-9714
MAIN: (630) 453-6960 FAX: (630) 428-4620 TOLL FREE: (866) 402-8661

200 TECHNECENTER DRIVE, SUITE 217, CINCINNATI, OHIO 45150
MAIN: (513) 565-3131 FAX: (630) 428-4620 TOLL FREE: (888) 989-1410

August 13, 2015

Michelle G. Parkinson
5646 West Eastwood Avenue
Chicago, IL 60630

Re:     5646 West Eastwood Avenue, Chicago, Illinois 60630
        PNC Bank, National Association
        Account Number: 1000083718
        Our File Number: F15080002

You are hereby informed of the following:

1.     This is an attempt to collect a debt and any information obtained will be used for that
       purpose.

2.     This office is a debt collector and represents the holder of a Mortgage and Note on the
       above captioned property.

3.     PNC Bank, National Association is the creditor to whom the debt is owed.

4.     As of the date of this letter, the amount of the above debt is $255,973.85. Because of
       interest, late charges and other charges that may vary from day to day, the amount due on
       the day you pay may be greater. Hence, if you pay the amount shown above, an
       adjustment may be necessary after our client receives your check, in which event either
       our firm or our client will inform you before depositing the check for collection. For
       further information, write the undersigned or call (866) 402-8661.

5.     Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the
       debt, or any portion thereof, the debt will be assumed to be valid by our office.

6.     If you notify our office in writing, within the thirty (30) day period, that the debt, or any

ELECTRONICALLY FILED
11/17/2017 2:16 PM
2015-CH-12248
PAGE 2 of 2

portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you by our office.

7.    If the creditor named in this letter is not the original creditor and if, within the same thirty (30) day time period, you request in writing the name and address of your original creditor, we will furnish you with that information.

8.    The law does not require our office to wait until the end of the thirty (30) day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this letter, the law requires our office to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

9.    Our client will not seek a personal deficiency against any party who has been discharged of any personal liability pursuant to the United States Bankruptcy Code, against any party whose bankruptcy case is still pending and our client has been granted relief from the automatic stay, or against any party who is protected by the automatic stay provisions of the United States Bankruptcy Code at the time any foreclosure sale is confirmed.

Very truly yours,

ANSELMO LINDBERG OLIVER LLC



THIS CHECK IS PROTECTED BY A VOID PANTOGRAPH, MICROPRINT SIGNATURE LINE AND A HEAT SENSITIVE PADLOCK ICON. ADDITIONAL SECURITY FEATURES ARE LISTED ON BACK

**ANSELMO LINDBERG OLIVER LLC**
ATTORNEYS AT LAW
FORECLOSURE COST III - IL
COOK ATTY # 00468 58852
1771 W. DIEHL RD., SUITE 120
NAPERVILLE, IL 60563
(630) 453-6980

TALMER BANK AND TRUST 40294
CHICAGO, IL
74-1425/724

140294

\*\*Eight hundred Eighty Seven dollars and Zero cents\*\*

DATE 08/13/2015

AMOUNT $887.00

PAY
TO THE
ORDER
OF:

CLERK OF THE CIRCUIT COURT

NOT VALID AFTER 90 DAYS

FORECLOSURE COST III - IL

For NS F15000002/PNC SBIL 16 TIER 1

⑆ ١٤٠٢٩٤⑈

<Associated Bank <  > <  >

PAY TO THE ORDER OF
ASSOCIATED BANK
FOR DEPOSIT ONLY
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY
CHANCERY FEE
26.69565596
PM1 021
8/14/2015 0010 0015557
2015CH12248
D1 Chancery
CK#: 140294
DL#: atty 58852
CK

$887.00

**EXHIBIT 21**



## File Motion

**Step 1: Case Lookup**

Case Lookup
Choose Party(s)
Upload Documents
Filing Summary
Filing Fees
Payment
Scheduling Motion

\* Division: Civil

\* Case Number: 2015 ⌄ - CH ⌄ - 12248 ◀

**Find Case**

Case Number: 2015-CH-12248
Division: MD
Case Type: BREACH OF CONTRACT
District: 1

**Notices will be electronically served to the following parties:**

| Party Name | Attorney | Email |
|---|---|---|
| PARKINSON MIC | PRO SE | peacepeople0881@gmail.com |

**The following parties will need to be served by mail:**

| Party Name | Attorney | Address | City | State | Zip |
|---|---|---|---|---|---|
| 05/05/2016 | PRO SE | | | | |
| ANSELMO LINDBERG O | ANSELMO LINDBERG OLIVER LLC | 1771W DIEHL RD#120 | NAPERVILLE, | IL | 60563 |
| NONRECORD CLAIMANT | ANSELMO LINDBERG OLIVER LLC | 1771W DIEHL RD#120 | NAPERVILLE, | IL | 60563 |
| PARKINSON MIC | ANSELMO LINDBERG OLIVER LLC | 1771W DIEHL RD#120 | NAPERVILLE, | IL | 60563 |
| PNC BANK N A | ANSELMO LINDBERG OLIVER LLC | 1771W DIEHL RD#120 | NAPERVILLE, | IL | 60563 |
| TRANSFER TO LAW DI | PRO SE | | | | |
| UNKNOWN OWNERS | ANSELMO LINDBERG OLIVER LLC | 1771W DIEHL RD#120 | NAPERVILLE, | IL | 60563 |

**Next**

**EXHIBIT 22**

Order                                                                    (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Michelle Parkinson
Counter-Plaintiff

v.                                             No. 15 CH 12245

PNC Bank, National Association
Counter-Defendant

### ORDER

This matter coming before the Court on Counter Defendant PNC Bank's Motion to
Dismiss 3rd Amended Complaint and for Summary Judgment, counsel for PNC and
Michelle Parkinson present, due notice having been given and the Court fully
advised in the premises,

IT IS hereby ORDERED that:

1) Counts 4, 6, 8, 9, 10 & 11 are dismissed with prejudice. PNC's Motion is Granted

2) Counts 1 and 2 are also Dismissed with prejudice.

3) Counts 3, 5, 7, 12 and 13, as to these counts Summary Judgment is Granted
in favor of PNC Bank and against the Counter-Plaintiff
4) Mot to vacate is stricken off cal as improper   Over Counter-Plaintiff's Objection   5) Michelle Parkinson motion
Disclosure is stricken off
cal as improper

Atty. No.: _____

Name: _____        ENTERED:

Atty. for: ANSELMO LINDBERG & ASSOCIATES, LLC        Judge Catherine A. Schneider
1771 W. Diehl Road, Suite 120
Naperville, IL 60563-4947                             Dated: DEC 14 2017
Address: Phone: 630-453-6960  Fax: 630-428-4620
Attorney #: Cook 58852, DuPage 293191,               Circuit Court - 2180
Kane 031-26104, Winnebago 3802, IL 0312-6237
City/State/Zip: _____

                                                     Judge            Judge's No.

Telephone: _____

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY