UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| MICHELLE PARKINSON ) | |
| ) | |
| Plaintiff ) | Case No. 1:18-cv-01869 |
| ) | Honorable Edmond E. Chang |
| v. ) | |
| ) | |
| PNC BANK, NATIONAL ASSOCIATION ) | |
| William S. Demchak, Sarah T. Greggerson ) | |
| Christina Cottrell, Amy Toller, ) | |
| Anselmo Lindberg LLC & Associates, LLC ) | |
| F/K/A Anselmo Lindberg Oliver, LLC ) | |
| Steven C. Lindberg, Doug Oliver, Thomas Anselmo ) | |
| Michael Anselmo, Bryan D. Hughes ) | |
| Michael C. Crowe, Christopher S. Iaria, ) | **JURY DEMAND** |
| Sean Jordan, Masum Patel, Susan Ward, ) | |
| Tracy M. Bristow, Attorneys' Title Guaranty Fund, Inc, ) | |
| Peter Birnbaum, ATG LegalServe, Inc ) | |
| Kelly Ann Kienzle, Scott Pryor, Kathleen Dinunno, ) | |
| Nancy Porter, Monique M. Reyes, ) | |
| Catherine A. Schneider, individually and in her official ) | |
| capacity as Justice of the Cook County Circuit Court ) | |
| Dorothy Brown, individually and in her official ) | |
| Capacity of the Circuit Court of Cook County, Illinois ) | |
| Cook County Circuit Court ) | |
| Its official capacity ) | |
| DOES1-1000 individually and in their official ) | |
| Capacities ) | |
| ) | |
| Defendants ) | |
| ) | |
| ) | |

## DRAFT JOINT STATUS REPORT

Plaintiff and Defendants, through their undersigned counsel, submit the following Joint Status Report as required by the Court's minute order of March 23, 2018. Per the Court's order, some of the parties have conferred regarding the status of this litigation and submit the following statement of their respective interests.

1. **The Nature of the Case**
    a. Attorneys of record for each party, including the lead trial attorney
       Anthony E. Zecchin, Robert J. Deisinger, for Anselmo Lindberg & Associates LLC; Steven Lindberg; Thomas Anselmo; Michael Anselmo; Christopher Iaria; Bryan Hughes; Michael Crowe; Sean Jordan; Masum Patel; Susan Ward; and Tracy Bristow ("the ALA defendants"), Anthony E. Zecchin, John Power, for Defendant Dorothy Brown; Mitchell Lieberman anticipated

trial counsel for Defendants Attorneys' Title Guaranty Fund, Inc., Peter Birnbaum, ATG LegalServe, Inc, and Kelly Ann Kienzle, Noonan and Lieberman Ltd. 105 W. Adams # 1800 Chicago, Il 60603 312-431-1455, mlieberman@noonanandlieberman.com. Robert Haney Noonan and Lieberman Ltd. 105 W. Adams # 1800 Chicago, Il 60603 312-431-1455 rhaney@noonanandlieberman.com

b. **Basis for federal jurisdiction**.

   **Plaintiff's Contention.** This Court has federal jurisdiction over this proceeding, pursuant to the following:

   i. **Collateral attack based on: Want of Jurisdiction, Actual Fraud and Fraud upon the Court.**

   ii. **Plaintiffs' causes of action arising under 42 U.S.C. § 1981, 1982, 1983 §1985, §1986 §1987 and §1988, and due to the deprivation of rights, privileges, and immunities secured to Plaintiffs under the First, Third, Fourth, Ninth, tenth and Fourteenth Amendments to the United States Constitution.**

   iii. **Federal Rules of Civil Procedure 60(b) and 60(d) as well as independent actions in equity may all be used to seek to vacate orders and judgments due to fraud upon the court.**

   iv. **The court has jurisdiction over, 18 U.S.C.A. §§1961-68 ("RICO") and 18 USC §. 1343**

   v. **Federal question jurisdiction arises pursuant to 28 U.S.C §1331, as many of Plaintiff's claims arise under the Fair Debt Collection Practices Act, 15 U.S.C §§ 1692 *et seq*.**

   vi. **The court has jurisdiction under 28 U.S.C. Section 1343 (a)(3).**

   vii. **Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202**

   viii. **Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.**

   ix. **This Court has supplemental jurisdiction pursuant to 28 U.S.C §1367 over Plaintiff's state law claims.**

Defendant's Attorneys' Title Guaranty Fund, Inc., Peter Birnbaum, ATG LegalServe, Inc and Kelly Ann Kienzle Contentions that they dispute that any of Plaintiff's claims have merit, that Plaintiff has Jurisdiction and anticipates filing a Motion to Dismiss.

- c. This action arises out of Defendant's PNC fraudulent alleged filing of a foreclosure complaint through its attorney Anselmo Lindberg LLC & Associates, LLC F/K/A Anselmo Lindberg Oliver, LLC in which it lacked personal and subject matter jurisdiction, violation of Plaintiff's constitutional rights, Actual fraud, fraud upon the court, wire fraud, unjust enrichment. Defendants actions include but is not limited to the foregoing. Defendants lacked jurisdiction and its actions are prohibited by the Constitution.

- d. State the major legal and factual issues in the case.

- e. Plaintiff's Contentions. The factual and legal issues may include, but may not necessarily be limited to: (i) whether, the Defendants PNC Bank, NA, through its attorney Anselmo Lindberg LLC & Associates, LLC F/K/A Anselmo Lindberg Oliver, LLC legally filed a lawsuit for foreclosure in the state court (ii) whether the foregoing lacked subject matter and personal jurisdiction to bring about an action in the state court. (iii) whether the Defendant ALA violated the FDCPA (iv) whether Defendant has violated, and continues to violate, Plaintiff's constitutional rights. (v) whether the Defendants committed actual fraud. (vi) whether the Defendants who are officers of the court committed Fraud Upon the Court (vii) whether court documents were tampered with and suppressed (viii) whether it is feasible to have several documents date stamped 9-9-2019 a further date. (xi) whether it is possible to have a document stamped with a date of 10-4-17 and 10-5-17 with the envelope the document was mailed in have a postal mark of 10-4-17 (x) whether the Defendants conspired to commit civil conspiracy against the Plaintiff (xi) whether the Defendant engaged in (Racketeer Influenced and Corrupt organizations Act 18 U.S.C. § 1962 (a)): (xii) whether Defendants ALA, PNC, ATLG and ATGF engaged in wire fraud (xiiii) whether Defendants is in Violation Of 42 U.S.C. Code § 1986 Action For Neglect To Prevent (xiv) whether the Defendants engaged in Willful and Wanton Misconduct (xv) whether the Defendants who are officers of the court deprived the Plaintiff of her constitution rights under color of state law under 42 U.S.C. §1983 and 28 U.S.C. (xvi) whether Defendants ALA, ATGLS, PNC and Cook County Employees engaged in Fraudulent Process (xvii) whether the Defendants violated Plaintiff right to privacy (xviii) whether ALA violated (815 ILCS 505/2S) by attempting to collect a debt it knew it could not legally collect.

- f. Plaintiff seeks exemplary and/or punitive damages in an amount to be proven at trial, statutory damages, actual damages, cost and attorney's fees (if applicable)

2. **Pending Motions and Case Plan**

   **a. Status of service of process on each defendant.**

**Plaintiff mailed a Waiver of Service of Summons to each named Defendant in this complaint, Defendants** PNC Bank, NA William S. Demchak, Sarah T. Greggerson Christina Cottrell and Amy Toller will not be represented by Anselmo Lindberg Oliver, therefore; Plaintiff will re-send the Request of Wavier of Summons to the foregoing.

- b. **Defendants ATGG LegalServe, Inc., Attorneys' Title Guaranty Fund, Peter Birnbaum and Kelly Ann Kienzle have requested an enlargement of time to answer regarding the complaint or plead.**

    **Plaintiff will file an Affidavit in Opposition Motion of An Extension of Time**

- c. **Cases in the Mandatory Initial Discovery Pilot Project**

    i. The general type of discovery needed is as follows:

    The Plaintiff proposes to use all means of discovery contemplated by the Federal Rules of Civil Procedure.

    Defendants ATG LegalServe, Inc., Attorneys' Title Guaranty Fund, Peter Birnbaum and Kelly Ann Kienzle states as follows: to date no discovery has been taken. Certain Defendants have requested additional time to July 12, 2018 to file its responsive pleading, which has not yet been granted by the court, and therefore no MIDP and no discovery has commenced.

    ii. The due dates of the Mandatory Initial Discovery disclosures, is 21 days after the first pleading filed in response to Plaintiff's complaint. The due date for the ESI disclosures 40 days after serving its initial response.

    iii. Description of the parties' discussions of the mandatory initial discovery responses required by the Pilot Project

    iv. Date to issue the first-set of written discovery requests.

    v. Fact discovery completion date.

    vi. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony).

    vii. Date for the filing of dispositive motions.

- d. State whether a jury trial is requested and the probable length of trial.

    Plaintiff requests a trial by jury. The probable length of trial is 5 days.

    Defendants ATGG LegalServe, Inc., Attorneys' Title Guaranty Fund, Peter Birnbaum and Kelly Ann Kienzle states as follows: It is not reasonably ascertainable at this early stage to

  determine when this case will be ready for trial, or when any dispositive motions will be resolved. Defendants anticipate filing a Motion to Dismiss.

 **d. Plaintiff agrees to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).**

3. **Consent to Proceed Before a Magistrate Judge**

 a. **Plaintiff does not agree to proceed before a Magistrate judge**

4. **Status of Settlement Discussions**

 a. No settlement discussions have occurred.

 b. **No settlement discussions have occurred**

 c. **The Plaintiff does not request a settlement conference at this time.**

          /s/ Michelle Parkinson

         Name Michelle Parkinson
         Atty. For: Pro se
         Address 5646 W. Eastwood
         City/State: Chicago, IL 60630
         (217) 697-4861