**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| MICHELLE PARKINSON, ) | |
| Plaintiff, ) | Case No. 18-cv-01869 |
| ) | |
| vs. ) | Hon. Edmond E. Chang, |
| ) | Judge Presding. |
| PNC BANK, N.A., et al., ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COMPLAINT
PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW COME Defendants Anselmo Lindberg & Associates, LLC; Steven C. Lindberg; Thomas Anselmo; Michael Anselmo; Bryan D. Hughes; Michael C. Crowe; Christopher S. Iaria; Sean Jordan; Masum Patel; Susan Ward; and Tracy M. Bristow (collectively, "defendants") by and through their counsel, Robert J. Deisinger of Anselmo Lindberg & Associates, LLC, and submit this memorandum of law in support of their motion to dismiss Plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Introduction

The instant litigation arises out of a state-court foreclosure action filed by the law firm of Anselmo Lindberg & Associates (f/k/a Anselmo Lindberg Oliver) on behalf of PNC Bank, N.A., against the Plaintiff in this case, Michelle Parkinson. Several months after the state-court foreclosure was filed, PNC sought to dismiss its case voluntarily, and the state court entered an order dismissing the foreclosure complaint. However, in response to the foreclosure complaint and while it remained pending, Ms. Parkinson filed counterclaims against PNC that remained pending. Ultimately, all of those counterclaims were resolved against Ms. Parkinson by dismissal with prejudice or by summary judgment against her.

Having failed to obtain a favorable judgment in state court, Ms. Parkinson now seeks relief in this court by asserting myriad claims against anyone who had or potentially had even the slightest involvement in the prior litigation. The vast majority of claims are ludicrous on their face. Ms. Parkinson purports to allege the existence of a vast conspiracy consisting of more than 1,000 individuals, including state court judges, court officials, lawyers, law clerks, paralegals, process servers, and others to somehow deprive her of property and enrich themselves at her expense. These claims are frivolous. To the extent that Ms. Parkinson's complaint attempts to state at least potentially viable causes of action, her scattershot pleading approach violates Rule 8 of the Rules of Civil Procedure and makes it difficult to determine which claims she asserts against which defendants and which facts she believes support those claims. Furthermore, this court lacks jurisdiction to hear claims arising out of the state court litigation. Other purported claims are barred by limitations, res judicata, or are simply not recognizable causes of action. Finally, the instant complaint joins defendants who have no association with Ms. Parkinson other than their employment with the Anselmo Lindberg firm and against whom no plausible causes of action have been pleaded. For all of these reasons and those that follow, Defendants pray that Plaintiff's complaint be dismissed.

    I.        This Court Lacks Jurisdiction to Adjudicate Plaintiff's Complaint because the Claims Are Barred by the *Rooker-Feldman* Doctrine.

In lieu of rehashing arguments already before the court regarding the *Rooker-Feldman* doctrine, Defendants adopt the arguments asserted by Defendants Brown, Schneider, ATG Legal Serve *et al.*, set forth in their respective memoranda (Docket Nos. 87, 105, 112). In addition to those arguments, Defendants note that *Rooker-Feldman* has been interpreted by the Seventh Circuit to bar both FDCPA claims and RICO conspiracy claims "dependent and interwoven with

the state-court litigation." *Mains v. Citibank, N.A.,* 852 F.3d 669, 677 (7th Cir. 2017). That perfectly describes the situation in this case. This court lacks jurisdiction to review the state court's judgment against Ms. Parkinson and in favor of PNC on Plaintiff's third amended countercomplaint in Cook County Case 2015 CH 12248, and the complaint should therefore be dismissed pursuant to Rule 12(b)(1).

II. Alternatively, the Claims in Plaintiff's Complaint Are Barred by *Res Judicata.*

Defendants similarly adopt the arguments regarding the effect of *res judicata* asserted by the ATG Defendants in their memorandum (Docket No. 105). As ATG correctly noted, this court must apply Illinois law in determining whether Plaintiff's claims are barred by *res judicata.* However, the effect of *res judicata* goes even beyond the cogent arguments asserted by ATG. The Illinois Supreme Court has held that *res judicata* not only bars relitigation of matters adjudicated in a prior suit, but also bars the litigation of matters that could have been litigated in the prior suit but were not. *Village of Bartonville v. Lopez,* 2017 IL 120643, ¶49; *Blumenthal v. Brewer,* 2016 IL 118781, ¶42. "Separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.*

In this instance, the claims asserted by Plaintiff are barred by *res judicata* because they either were in fact adjudicated against Plaintiff in the trial court's judgment dismissing Ms. Parkinson's counterclaims or granting summary judgment against her, or could have been. For example, Ms. Parkinson's third amended countercomplaint alleged injury for, among other things, "foreclosure proceedings being filed on August 14, 2015; ….continued foreclosure proceedings; … charges and/or collections of attorney fees, legal fees, foreclosure costs, property inspection fees, [etc.]; my information being made public for infinity due to the internet; forcing

me … to fight this illegal foreclosure; invasion of my privacy; stalkers being able to look at information…; going to my job; going to my friend' house; medical problems…." *Docket No. 105-3* (state court countercomplaint), *at* pg. 3, pg 6. As in this case, the claims asserted by Ms. Parkinson in state court purported to sound in statutory consumer fraud, unjust enrichment, common law fraud, and violation of the Fair Debt Collection Practices Act. *Compare Docket No. 1 with Docket No. 105-3.* Ms. Parkinson's state court counterclaims were also expressly predicated in part on assertions that the Anselmo Lindberg firm engaged in "alleged misconduct stem[ming] from its debt collection activities in behalf of PNC Bank, N.A.…." *Id., at* pg. 21.

Ms. Parkinson's current complaint is predicated on the same group of operative facts as the prior state court litigation. The complaint even alleges in its very first paragraph that "This is an action for Collateral Attack…." *Docket No. 1,* ¶1. The judgment entered against Ms. Parkinson in the state court case bars the present complaint, which should therefore be dismissed pursuant to Rule 12(b)(6).

   III.   Alternatively, Plaintiff's Complaint is Not Viable Due to the Absolute Litigation Privilege.

As Ms. Parkinson's claims arise out of the prior state court litigation, Defendants are entitled to the absolute litigation privilege. Illinois's concept of this privilege is extremely broad. "The privilege applies to communications made before, during, and after litigation," when "communications [] relate to proposed or pending litigation and [are] in furtherance of representation." *O'Callahan v. Satherlie,* 2015 IL App (1st) 142152, ¶¶25, 26. The privilege applies not only to statements, but also to conduct. *Id., ¶*26. The privilege bars causes of action sounding in defamation, negligent infliction of emotional distress, and even intentional infliction of emotional distress. *Id.*

A creative plaintiff may not avoid the application of the litigation privilege by artful pleading. "There is no civil cause of action for misconduct which occurred in prior litigation. Instead, parties should attempt to redress injuries from misconduct in judicial proceedings in the same litigation. Were it otherwise, litigation would never end." *Id., ¶*28. As Plaintiff's claims are barred by the absolute litigation privilege, the court should dismiss the complaint pursuant to Rule 12(b)(6).

IV. Count 1 of Plaintiff's Complaint Fails to State a Cause of Action for Violation of 42 U.S.C. § 1983 against Defendants because Defendants Are Not State Actors.

In addition to the aforementioned reasons that Ms. Parkinson's complaint should be dismissed, each of the identifiable subclaims asserted by her against Defendants fails for one reason or another. In Count 1 of her complaint, Ms. Parkinson claims that "all defendants" in the action violated 42 U.S.C. § 1983. As to the Anselmo Lindberg firm and its employees, Ms. Parkinson's claim fails as a matter of law because these Defendants are not state actors. As Ms. Parkinson's pleading seemingly acknowledges, a claim for violation of 42 U.S.C. § 1983 must assert that actions were taken by the defendants "under color of law." *Complaint, ¶*158. To have a viable claim for a section 1983 violation, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state." *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937 (1982). Here, there is no assertion that Defendants fall into any of these categories. Because Defendants did not act under color of state law in any way, Count 1 of Ms. Parkinson's complaint should be dismissed as to Defendants under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

    V.       The Complaint Fails to Allege Sufficient Facts to State Causes of Action for Defamation (Count 7), Civil Conspiracy (Count 9), Invasion of Privacy (Count 10), RICO (Counts 11.1-11.5), Violation of the Consumer Fraud Act (Count 24), Slander of Title (Count 31), and Slander of Credit (32).

Similarly, Ms. Parkinson's complaint fails to allege sufficient facts to state causes of action against Defendants for numerous other "claims of relief" she purports to assert. For example, the complaint alleges in conclusory fashion that the complaint the Anselmo Lindberg firm filed on behalf of PNC in the state court was "fraudulent" and that the firm "sent an affidavit of the filing of a foreclosure complaint to Plaintiff's alderman." *Complaint,* ¶¶214, 215. However, Plaintiff fails to identify a single false statement in either document, which is a necessary allegation of a defamation complaint. *See Krasinski v. United Parcel Service, Inc.,* 124 Ill.2d 483, 490 (1988). (Also, sending an affidavit to the alderman when a foreclosure complaint is filed is a state law requirement; *see* 735 ILCS 5/15-1503.) The "invasion of privacy by perpetual gang surveillance" claim (Count 10) fails to assert any facts tying any of Defendants to the allegations of surveillance, which read like paranoid delusions. The RICO counts (Counts 11.1-11.5) fail to assert facts that would establish any predicate criminal acts by any of the Defendants, or any "criminal enterprise." As with the defamation claims, Plaintiff alleges that Defendants filed or mailed "false" or "fraudulent" documents without asserting any specific falsehood. Moreover, to the extent Plaintiff might argue that the Anselmo Lindberg firm and its attorneys and paralegals together might be subject to the statute, the Seventh Circuit has explicitly stated that "an employer and its employees cannot constitute a RICO enterprise." *Fitzgerald v. Chrysler Corp.,* 116 F.3d 225, 226 (7th Cir. 1997). Moreover, as the ATG defendants argued in their memorandum, courts in this district have held that "prosecuting a complaint is not mail or wire fraud or a predicate act under RICO." *See Docket No. 105, at pg. 13.* The "civil conspiracy" claim (Count 9) is wholly conclusory in asserting that "each

Defendant committed the acts, cause or directed others to commit" unspecified "violations of law alleged in this Complaint." *Complaint,* ¶233. The statutory consumer fraud (Count 24), slander of title (Count 31), and slander of credit (Count 32) claims also all fail because they fail to identify any false statements made by Defendants. Finally, as to Count 24, that section is wholly inapplicable in any event, as it concerns only statements to credit reporting agencies regarding "co-signers of an obligation." 815 ILCS 505/2s.

> VI. Plaintiff's Defamation (Count 7), FDCPA (Counts 14-21), and Slander of Credit (Count 32) Claims Are Untimely and Barred by Limitations.

Even though Plaintiff's claims fail to state viable causes of action on their face, the few operative facts that were alleged demonstrate that Plaintiff pleaded herself out of court. Generally, limitations is pleaded as an affirmative defense, but can be raised in a Rule 12 motion where the facts asserted in the complaint show that the claims are barred. *See Andonissamy v. Hewlett-Packard Co.,* 547 F.3d 841, 847 (7th Cir. 2008). The statute of limitations for defamation or false statement claims or for invasion of privacy (Count 7, Count 32) is one year. 735 ILCS 5/13-201. The statute of limitations for FDCPA claims is also one year. 15 U.S.C. § 1692k (d). The FDCPA claims are barred because the foreclosure complaint was dismissed on April 5, 2016 (*see Docket 105-4),* and no facts are alleged that Defendants took any action to collect the debt thereafter. Actions taken by the Anselmo Lindberg defendants in their capacity as PNC's counsel defending PNC against Ms. Parkinson's counterclaims by definition are not an effort to collect a debt. Similarly, there are no facts asserted that defendants published any false statements regarding defendant or her credit within one year prior to her pending complaint. Plaintiff's complaint claims in conclusory fashion that "any applicable statutes of limitations have been tolled" but fails to allege any facts to support that assertion. *Complaint,* ¶53.

VII.  The Purported Claims Asserted in Counts 5, 8, 13, 27, and 34 Are Not Recognizable Causes of Action.

Ms. Parkinson purports to assert other claims against the Anselmo Lindberg defendants that fail to state any recognizable cause of action. A "fraud upon the court" (Count 5) may be a reason to set aside a judgment under 735 ILCS 5/2-1401 or F.R.C.P. 60, but it is not otherwise an independent cause of action. As far as Defendants can determine, there is no legally cognizable cause of action for "fraudulent process" (Count 8) or "destruction of quality of life" (Count 13). While "unjust enrichment" is sometimes improperly couched as a cause of action, "unjust enrichment is an equitable *remedy* based on a contract implied in law." *First Midwest Bank v. Cobo,* 2017 IL App (1st) 170872, ¶29 (emphasis added). Similarly, Plaintiff's assertion of "willful and wanton misconduct" fails to state a claim; whether conduct is "willful and wanton" can be an element of a cause of action, but it is not itself an action. *El-Uri v. City of Chicago,* 186 F.Supp.2d 844, 850 (N.D. Ill. 2002).

VIII.  No Facts Are Asserted to Bring the Named, Individual Employees of Anselmo Lindberg & Associates Within Any Viable Cause of Action.

Finally, Ms. Parkinson has improperly named and joined numerous individuals in her complaint about whom she asserts nothing even remotely approaching tortious conduct, or in some instances, about whom she asserts practically nothing at all. Substantively, Susan Ward and Tracy Bristow, non-attorney employees of the Anselmo Lindberg firm, are alleged only to have signed proof of mailing of documents in the foreclosure case. *Complaint,* ¶90 (Ward), ¶103 (Bristow). Similarly, Masum Patel, an attorney employed by the firm, is alleged only to have signed a proof of service. *Complaint,* ¶108. (Even in that, the complaint is ludicrous; it asserts Ms. Patel signed a proof of mailing for a mailing on October 4, where the Plaintiff acknowledges its postage corroborates the mailing on October 4. *Id.*) Defendants Bryan Hughes and Sean

Jordan, attorneys employed by the firm, are alleged only to have made statements to the court, in court. *Complaint*, ¶¶63, 64 (Jordan), ¶122 (Hughes). As best as Defendants can tell, there are no allegations at all regarding attorneys Christopher Iaria, Michael Crowe, or Michael Anselmo except that they are alleged to be employees of the Anselmo Lindberg firm. *Complaint,* ¶35. Similarly, Defendant Thomas Anselmo is alleged to have been a managing partner at the Anselmo Lindberg firm, and the only conduct alleged as to him is the conclusory statement that he purportedly "directed, authorized, and ratified" the Anselmo employees' conduct. *Complaint,* ¶34. Lastly, Defendant Steven Lindberg is alleged to be a managing partner (¶34), to have executed and filed certain documents in the foreclosure case (e.g., ¶¶66, 101, 102) such as a motion to dismiss the foreclosure case voluntarily and an attestation required by 735 ILCS 5/15-1504.1. These allegations show no impropriety. As there are no allegations of tortious conduct by any of these individuals, and there can be no viable cause of action against them by virtue of the absolute litigation privilege or otherwise, they should be dismissed from this action with prejudice.

<u>Conclusion</u>

For all of the reasons set forth herein, Defendants pray that the court enter an order dismissing Plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Respectfully submitted,

By: <u>s/ Robert J. Deisinger_____</u>
One of the Defendants' attorneys.

Robert J. Deisinger
Counsel for Anselmo Lindberg & Assoc. *et al.*
Anselmo Lindberg & Associates LLC
1771 W. Diehl Rd., Ste. 120
Naperville, IL 60563
(630) 453-6960
rdeisinger@anselmolindberg.com
litigation@anselmolindberg.com

**Certificate of Service**

The undersigned attorney hereby certifies that on June 29, 2018, he filed the above *Memorandum of Law in Support of Defendants' Motion to Dismiss Complaint Pursuant to Rule 12 of the Federal Rules of Civil Procedure* using the CM/ECF system, which will serve a copy on the parties listed below:

Plaintiff Michelle Parkinson:
    Michelle Parkinson, Stopthefraud7889@gmail.com

Defendants PNC Bank, N.A., William S. Demechak, Sarah T. Greggerson, Christina Cottrell, & Amy Toller:
    Gary Green, ggreen@clarkhill.com
    Pamela Leightling, pleightling@clarkhill.com

Defendant Attorneys' Title Guaranty Fund, Inc., Peter Birnbaum, ATG LegalServe, Inc., Kelly Ann Kienzle:
    Mitchell Lieberman, mlieberman@noonanandlieberman.com
    Robert Haney, rhaney@noonanandlieberman.com

Defendant Catherine A. Schneider:
    Shirley Ruth Calloway, scalloway@atg.state.il.us

Defendant Dorothy Brown:
    John Power, John.Power@cookcountyil.gov
    Anthony E. Zecchin, Anthony.Zecchin@cookcountyil.gov

Defendant Douglas Oliver:
    Brian Merfeld, Brian.Merfeld@mccalla.com


                By:    s/ Robert J. Deisinger_____
                      One of the Defendants' attorneys.


Robert J. Deisinger
Counsel for Anselmo Lindberg & Assoc. *et al.*
Anselmo Lindberg & Associates LLC
1771 W. Diehl Rd., Ste. 120
Naperville, IL 60563
(630) 453-6960
rdeisinger@anselmolindberg.com
litigation@anselmolindberg.com