UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| MICHELLE PARKINSON )<br><br>    Plaintiff )<br>)<br>    *v.* )<br>)<br>PNC BANK, NATIONAL ASSOCIATION, et al )<br>)<br>)<br>)<br>    Defendants ) | Case No. 1:18-cv-01869<br>Honorable Edmond E. Chang<br>Magistrate Judge Jeffrey Cole<br><br>**JURY DEMAND** |

### MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

The undersigned Plaintiff, Michelle Parkinson on behalf of herself hereby moves this Court to enter a default judgment as to Defendants, Scott Pryor ("Pryor"), Kathleen Dinunno ("Dinunno"), Nancy Porter, (Porter") and Monique M. Reyes, (Reyes) collectively the ("ATGLS Defendants ") upon the complaint heretofore filed and served upon the Defendants, in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, and in support thereof shows the Court the following:

1. No conferral is needed as the ATGLS Defendants never filed an appearance.

2. On March 14, 2018, the Plaintiff filed in the United States District Court, for the Northern District of Illinois, Eastern Division a Verified Complaint with attached Exhibits. A copy of said Verified Complaint is re-alleged and incorporated hereto as **[R. 1; VC]**.

3. A foreclosure was not **legally** filed on August 14, 2015. The Defendants engaged in Simulating legal process (720 ILCS 5/32-7) (from Ch. 38, par. 32-7) among various other alleged unlawful actions as stated in Plaintiff's verified complaint and motions.

    (a) A person commits simulating legal process when he or she issues or delivers any document which he or she knows falsely purports to be or simulates any civil or criminal process.

4. This is evidenced by various exhibits provided by Plaintiff. In particular **all of the Summonses and Affidavit of Special Processor Service have the exact same date and time file stamp**,

see[R 1. VC PP. 75, 77, 88, 90, 92 &94] & [R. 134 ¶ 20-a-n]. A summons has to be issued before an Affidavit of Special Processor Service can be filled out or filed. Even if the documents were proper; an attempted service of summons cannot be issued and served on the exact date and time as it is a physically impossible feat that defies the laws of physics and also violates state and federal law. A Court's file stamp has to reflect the correct date and time. No pleading or motion can change that fact no matter how artfully pled.

5. Letter "O" of the PNC state's complaint see [R. 1 VC P. 68] 15 CH 12248 states as follows:

> O. Facts in support of request for attorneys' fees and of costs and expenses, if applicable. Plaintiff has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance and other expenses which should be added to the balance secured by said mortgage.

6. Per the preceding Defendants: PNC, ATG, Peter Birnbaum, ATG LegalServe, Inc., Kelly Ann Kienzle, were fully aware that Plaintiff would incur "**substantial**" **costs** and that these fees would be added to the balance of Plaintiff's mortgage.

7. A principal is attributed with the knowledge acquired by its agent even if the information is never communicated to it, see, e.g., *New York University v. First Fin. Ins. Co., 322 F.3d 750, 753-54 & n.2 (2d Cir. 2003)*,[1] or even after termination of the services of that officer, employee, or agent. See *Acme Precision Prods., Inc. v. Am. Alloys Corp., 422 F.2d 1395, 1398 (8th Cir. 1970)* (knowledge by a corporation, obtained by and through its officers and key employees, of facts of continuing importance to business of the corporation, even after termination of services of that officer or employee, is conclusive upon the corporation).

8. Plaintiff adopts and incorporates [R. 142 ¶¶ 43-52] by reference.

---

[1] See also *Bowen v. Mount Vernon Sav. Bank, 105 F.2d 796, 799 (D.C. Cir. 1939)* (presumption that a principal knows what his agent knows is irrefutable, and cannot be avoided by showing that the agent did not in fact communicate his knowledge nor by showing that the agent had such an adverse interest that he would not likely communicate his knowledge.

9. The Federal Rules of Civil Procedure Rule 4(e)  Serving An Individual within A Judicial District of The United States, states in part as follows:  Unless federal law provides otherwise, an individual may be served in a judicial district of the United States by:

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

10. On May 24, 2018, a copy of said Complaint and Alias Summons in a Civil Action were served upon August R. Butera the Registered Agent of the ATGLS Defendants, .  Plaintiff repeats and incorporates [R. 86] herein by reference.

11.  At all relevant times ATGLS was the employer of the ATGLS Defendants when the acts alleged in [R. 1 VC] were committed.  ATGLS is located at 1 South Wacker Drive, 24th Floor Chicago, IL. See [R.  ] for a copy of the Return of Service and Alias Summonses issued May 14, 2018 as adopted and incorporated herein.

12. As of June 19, 2018, more than twenty-one days, has elapsed since the service of said Complaint and Alias Summons upon Defendant, and no Answer thereto having been served by the Defendant upon the Plaintiff.

13. The ATGLS Defendants have failed to plead or otherwise defend this action, and the Plaintiff is entitled to judgment by default against them.

14. Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against the ATGLS Defendants for relief sought by Plaintiff in her complaint and attached affidavit.

**PRAYER**

**WHEREFORE**, Plaintiff prays that this Court enter a judgment of default against the ATGLS Defendants, in the proposed Final Judgment filed contemporaneously with this Motion.

## AFFIDAVIT

The undersigned, Michelle Parkinson do hereby certify that the statements and allegations set forth in the foregoing Motion and the accompanying Memorandum are true and accurate to the best of her knowledge and belief.

Dated the 3rd day of October, 2018.

        Respectfully submitted,

        /s/ Michelle Parkinson
        Atty. For:      Pro se
        Address       5646 W. Eastwood
        City/State:     Chicago, IL 60630
        (217) 697-4861

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of **Motion For Entry Of Default Final Judgment** as served by electronic filing with the Clerk of the Court (ECF) on this 3rd day of October, 2018 which will send notice to and all parties of record.

/s/ Michelle Parkinson

Name    Michelle Parkinson
Atty. For:  Pro se
Address   5646 W. Eastwood
City/State:  Chicago, IL 60630
(217) 697-4861